STATE of Utah, Plaintiff and Appellee,

v.

Larry JULIAN, Defendant and Appellant.

No. 870351.

Supreme Court of Utah.

March 28, 1989.

D. Gilbert Athay, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Christine F. Soltis, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant was convicted of two counts of sodomy upon a child, in violation of Utah Code Ann. § 76–5–403.1 (Supp.1987) (amended 1988). On appeal, he claims that at trial he was denied effective assistance of counsel [1] and that the trial court committed prejudicial error in failing to dismiss a prospective juror for cause. We affirm.

Defendant's first point is that trial counsel was ineffective because he failed (1) to file a motion requiring the victims' interviews to be recorded; (2) to object to the prosecution's noncompliance with rule 16 of the Utah Rules of Criminal Procedure; (3)

---

1. Defendant bases his claim on both the sixth amendment to the federal constitution and article I, section 12 of the state constitution. He does not specifically argue, however, that the state and federal constitutional analyses differ substantially. Therefore, we treat his claim as based only upon federal constitutional provisions. *See State v. Stilling*, 770 P.2d 137, 142 n. 26, (Utah 1989); *State v. Lafferty*, 749 P.2d 1239, 1247 n. 5 (Utah 1988); *State v. Ashe*, 745 P.2d 1255, 1257 n. 2 (Utah 1987).

to properly prepare; (4) to object to irrelevant evidence; (5) to conduct effective cross-examination; and (6) to call character witnesses on defendant's behalf. In *Strickland v. Washington*,[2] the United States Supreme Court established the standard for determining ineffective assistance of counsel at trial. In order to prevail on such a claim, a defendant must show, first, that counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and, second, that counsel's performance prejudiced the defendant.[3]

■ As to defendant's contention that trial counsel failed to "obtain an order from the district court" requiring recording of victim interviews conducted after the preliminary hearing, defendant cites no law to support his proposition that counsel had a duty to do so, and no claim of a constitutional violation is substantiated. Furthermore, since the court previously denied a similar motion made by defense counsel and since testimony which resulted from interviews conducted subsequent to the preliminary hearing was minimal and cumulative of other testimony presented, defendant has failed to demonstrate the requisite prejudice. His claim is without merit.

■ Next, defendant contends that his counsel was ineffective in not objecting to the introduction of two exhibits offered in violation of the disclosure provisions of rule 16 of the Utah Rules of Criminal Procedure. This rule in part provides:

If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court *may* order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such

other order as it deems just under the circumstances.[4]

While defendant correctly notes that a prosecutor's failure to fully respond to a rule 16 request might impair the adversary process,[5] he has failed to show any prejudice that resulted from the alleged breach of the discovery rules. In fact, defendant has not sufficiently demonstrated that he was surprised at the existence of the exhibits or their contents, that he was misled by the prosecutor's omissions, or that the defense was in any way substantially impaired. Instead, the record indicates that at trial defendant's counsel reviewed and was aware of the contents of the exhibits. While he did not object to one, defendant's counsel apparently objected to the form of the other and a modification to the exhibit was made.

Defendant further claims that to properly prepare for trial, his counsel should have obtained and read legible copies of documents that were later offered as evidence. However, we have reviewed the exhibits provided on appeal and conclude that they are legible. Furthermore, our review of the record indicates that counsel read the documents. Defendant's argument is therefore without merit.

■ Defendant also contends that his counsel failed to file a motion *in limine* and "to object on numerous occasions to the presentation of other alleged wrongful conduct on the part of the defendant which had no relevancy or materiality to the proceedings for which he was on trial." However, after reviewing the record, we are not convinced that defendant has sufficiently demonstrated counsel's ineffectiveness in this regard. In fact, the record supports a determination that counsel made a conscious decision to allow introduction of the testimony in question in order to demonstrate the theory that defendant's wife had

---

2. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *Id.* at 687, 104 S.Ct. at 2064; *State v. Speer*, 750 P.2d 186, 191 (Utah 1988); *State v. Archuleta*, 747 P.2d 1019, 1023–24 (Utah 1987); *infra* note 8.

4. Defendant has neither claimed nor shown that the court abused its discretion under this rule.

5. *State v. Knight*, 734 P.2d 913, 917 (Utah 1987).

abnormal reactions to and preoccupations with sexual matters, which explained a poor marital relationship, and led her to manipulate and corrupt the children and cause the fabrication of their testimony. While counsel conceivably took a risk by allowing discussion of defendant's relationship with his wife, including their "sexual problems," defendant cannot now complain that the defense was ineffective because it was unsuccessful.[6]

■ Defendant next claims that counsel was ineffective in his cross-examination of two State witnesses and the victims in this case. However, a reasonable reading of the record again supports the determination that counsel's questioning was in part focused on defendant's theory that the children had been manipulated and corrupted and that their testimony was fabricated. Further, defendant failed to show that but for the alleged deficiencies of his counsel, there exists any reasonable probability that the jury's verdict would have been different[7] or that the cross-examination undermined the "proper functioning of the adversarial process."[8]

Defendant lastly contends that counsel was ineffective because he failed to call available witnesses to testify concerning defendant's good character and because counsel "interposed unintelligible questions" and "made unintelligible arguments" during trial. However, we have reviewed the record with these claims in mind and conclude that they are without merit.

A reading of the record indicates that defendant's allegations of prejudice do not give rise to the conclusion that "but for

counsel's unprofessional errors, the result of the proceeding would have been different."[9] Further, defendant has not shown how counsel's decisions were not merely tactical choices or how his performance fell below an objective standard of reasonable professional judgment.[10] Accordingly, this point on appeal is without merit.

■ Defendant's second point is that the trial court abused its discretion in overruling defendant's challenge of a prospective juror for cause. This Court has repeatedly held that it is prejudicial error to compel a party to exercise a peremptory challenge to remove a prospective juror who should properly have been removed for cause.[11] Rule 18(e) of the Utah Rules of Criminal Procedure provides:

> (e) The challenge for cause is an objection to a particular juror and may be taken on one or more of the following grounds:
>
> . . . .
>
> (14) That a state of mind exists on the part of the juror with reference to the cause, or to either party, which will prevent him from acting impartially and without prejudice to the substantial rights of the party challenging. . . .

This Court has previously noted Chief Justice Marshall's statement quoted in *Reynolds v. United States:*[12]

> "[L]ight impressions which may fairly be supposed to yield to the testimony that may be offered; which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions which will close the

---

**6.** *See State v. Medina,* 738 P.2d 1021, 1024 (Utah 1987).

**7.** *State v. Frame,* 723 P.2d 401, 405 (Utah 1986) (per curiam).

**8.** *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064.

**9.** *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *see also Codianna v. Morris,* 660 P.2d 1101, 1109 (Utah 1983) ("[P]rejudice means that without counsel's error there was a 'reasonable likelihood that there would have been a different result.'") (quoting *State v. Gray,* 601 P.2d 918, 920 (Utah 1979)).

**10.** *See supra* note 3 and accompanying text.

**11.** *See, e.g., State v. Moton,* 749 P.2d 639, 642–43 (Utah 1988); *State v. Jones,* 734 P.2d 473, 474–75 (Utah 1987); *State v. Hewitt,* 689 P.2d 22 (Utah 1984); *State v. Lacey,* 665 P.2d 1311, 1312 (Utah 1983) (per curiam); *State v. Brooks,* 631 P.2d 878, 884 (Utah 1981); *Jenkins v. Parrish,* 627 P.2d 533, 535–37 (Utah 1981); *State v. Bailey,* 605 P.2d 765, 767–68 (Utah 1980).

**12.** 98 U.S. 145, 25 L.Ed. 244 (1878).

mind against the testimony that may be offered in opposition to them; which will combat that testimony and resist its force, do constitute a sufficient objection to him."[13]

Defendant argues that juror 17 was predisposed to believe the victims' testimony and was thus incapable of rendering an impartial verdict. However, after considering juror 17's complete testimony, we are not convinced. Relevant portions of the examination follow:

"[THE COURT:] In this case the mere fact that the defendant is charged with such an offense and it may involve his children, does that so incense you, the mere fact that he has been charged, that you would be unable to act fairly and impartially in this case?

"JUROR # 17: No, I think I would have to hear the evidence and what was said.

"THE COURT: Okay. Under our law the defendant is clothed with the presumption of innocence which means that he is presumed innocent until the State proved his guilt beyond a reasonable doubt. Are you willing to accord this defendant that presumption?

"JUROR # 17: You bet.

"THE COURT: Now also during the course of the trial you are likely to hear the testimony of some children and I need to know whether or not you feel you could evaluate the testimony of those children, ah, as to it[']s credibility and truth and veracity as you would any other witness during the course of the trial.

"JUROR # 17: Well, I think so.

"THE COURT: You don't hold the opinion, do you, that just because a child says something it's necessarily true?

"JUROR # 17: All right.

"THE COURT: Conversely, you don't hold the opinion that just because they say something that's necessarily false I would assume?

"JUROR # 17: Um-humm. (affirmative)

"THE COURT: From that I would assume you would be willing to evaluate their testimony as each witness [ ] testifies as you would any other witness in the context of all the evidence that you hear. Would that be a fair statement?

"JUROR # 17: Yes.

. . . .

"[DEFENSE COUNSEL]: Okay. If the children involved in this case when they alleged the abuse were eight and ten, would that cause any difficulty in evaluating the children's testimony in deciding whether or no[t] what they are reporting is accurate or true, given the facts?

"JUROR # 17: The only thing is it's been a long time since it happened and that would, you know, you wonder how. But I guess they would remember so I don't think it would be any problem in making a decision.

. . . .

"[DEFENSE COUNSEL]: Do you think you would be able to decide whether or not they are telling an accurate story or not?

"JUROR # 17: Well I think I would just have to hear them. I would just have to see the child and hear what they said to really know to answer that.

"[DEFENSE COUNSEL]: Would you be more inclin[ ]ed to believe that a child that age is telling the truth or to believe that [ ] they are not or—

"JUROR # 17: I would be more inclined to think that they are telling the truth.

"[DEFENSE COUNSEL]: Okay. Tell me why that would be.

"JUROR # 17: Well I just believe a child is truthful. I don't believe they would lie as much as—

"[DEFENSE COUNSEL]: So it's your opinion that a child this age probably would not lie in most cases?

"JUROR # 17: I think so.

"[DEFENSE COUNSEL]: Do you think having that opinion would give you some difficulty [ ] impartially judging [ ] the child's testimony?

"JUROR # 17: Well no, I would have to hear all the evidence to be able to determine.

---

**13.** *Bailey,* 605 P.2d at 767 (quoting *Reynolds,* 98 U.S. at 155).

"[DEFENSE COUNSEL]: Would it put you in a position that assuming what they said was true unless it was proved what they said was wrong?

"JUROR # 17: Not necessarily.

"[DEFENSE COUNSEL]: That's what we are trying to find out. You understand that the defendant is presumed innocent until the State prove[s] guilt beyond a reasonable doubt. Do you have any difficulty with the presumption that the children are probably telling the truth and the presumption you must give him the burden, the State has to prove that guilt?

"JUROR # 17: Well I wouldn't take just their testimony as being true, I would listen to all of the facts, yes. I would consider him innocent until proven.

"[DEFENSE COUNSEL]: Okay. And if, if things came down kind of evenly on both sides, would you have more of an inclination to accept the children's story than to reject it?

"JUROR # 17: I would have to just see the children and hear their testimony.

"[DEFENSE COUNSEL]: If the children became emotional in the process of telling the story or in the process of being examined or whatever the situation is, would you have difficulty in dealing with the emotion in judging the credibility of the child setting as[ ]ide the emotion?

"JUROR # 17: I don't believe I would. I still feel, you know, like the facts and everything that's presented would.

. . . .

"[PROSECUTOR]: If I understand the answers to your questions, ah, and correct me if I'm wrong, if a child got up on the stand, witness stand, and said something occurred, you are not necessarily going to accept that as the truth just because they are saying it?

"JUROR # 17: Right. Not just because they are [a] child and saying something.

. . . .

"[DEFENSE COUNSEL]: I have a follow-up if I may.

"Did I understand you to say that you are more inclined to believe the child because they are more inclined to tell the truth rather than something that is not true?

"JUROR # 17: Well I think anyone in a courtroom will be telling the truth and so you have to just listen to everyone that's speaking, and I don't think necessarily a child would, would, well, it's hard to say. It's hard to answer these questions, of course, of what I would do.

"[DEFENSE COUNSEL]: Well let me ask you another way. It is your feeling that a child of this age normally would not lie about something?

"JUROR # 17: Well, but the children that I know, but anybody they are, if they come from a home where they haven't had direction and training, there may[ ]be a different side.

"[DEFENSE COUNSEL]: So you're feeling if a child is trained properly they normally wouldn't lie at this age?

"JUROR # 17: I would hope not."

Based on the totality of this examination, it is clear that juror 17 indicated she could act in an impartial manner and had an open mind regarding the testimony to be offered.[14] Indeed, the juror indicated she would afford defendant the presumption of innocence until she heard all the evidence. Accordingly, we find that the trial court did not err in overruling defendant's challenge of juror 17 for cause.

We have reviewed defendant's other claims on appeal and find them to be without merit.

Affirmed.

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

**14.** *See State v. Bishop,* 753 P.2d 439, 451 (Utah 1988).