2002 UT 72

**Christopher WICKHAM, Plaintiff and Appellee,**

v.

**Hank GALETKA, Warden, Utah State Prison, Defendant and Appellant.**

**No. 20000716.**

Supreme Court of Utah.

July 26, 2002.

Rehearing Denied Dec. 5, 2002.

Roger K. Scowcroft, Salt Lake City, for plaintiff.

Mark Shurtleff, Att'y Gen., Erin Riley, Asst. Att'y Gen., Salt Lake City, for defendant.

HOWE, Justice:

## INTRODUCTION

¶ 1 The State appeals from a judgment granting post-conviction relief in the form of a new trial to petitioner Christopher Wickham who had been convicted of two counts of aggravated sexual assault, each a first degree felony, in violation of Utah Code Ann. § 76-5-405 (1996).

## BACKGROUND

¶ 2 This case arises from the sexual assault of a sixteen-year-old girl while she was at a party on the evening of December 28, 1997. At trial, the victim testified that she was beaten and later sexually assaulted and sodomized by Wickham and codefendant Danny Pliego. She also testified that following the beating and assaults, she was unable to move and remained in the bedroom where the incident took place until the next morning.

¶ 3 When she awoke, according to her further testimony, she called her sister to pick her up. Upon arriving, the sister noticed that the victim was distressed. Later, the victim told her sister what had happened but refused to report it to the authorities because she had recently run away from the Adolescent Residential Treatment and Education Center (Artec), a nonprofit organization specializing in teenage behavioral problems, and did not want to return. Throughout the next two months, she received medical attention several times for abdominal pain and vaginal bleeding. On February 22, 1997, two months after the assaults, she informed the police about the incident.

¶ 4 The State charged Wickham and codefendant Pliego with two counts of aggravated sexual assault. Pliego pleaded guilty to an amended charge of unlawful sexual intercourse, a third degree felony under Utah Code Ann. § 76-5-401 (1990). Wickham was convicted as charged after a jury trial. He did not appeal.

¶ 5 Subsequently, Wickham filed a pro se petition for post-conviction relief. He requested in discovery, copies of all records relating to the victim from Artec, the Division of Family Services (DFS), Child Protective Services (CPS), the Salt Lake District Attorney, and the Utah Attorney General. The State objected to the request. After a hearing on the issue, the court ordered an in camera review of the records to determine if they contained information material to Wickham's defense. The court then provided Wickham with copies of the records it found material to his defense and granted his petition for post-conviction relief by vacating his convictions and ordering a new trial.

¶ 6 The State now appeals from the post-conviction judgment. Earlier, Wickham moved to dismiss the appeal, arguing that the State is not authorized to appeal from an order granting a new trial. The State opposed the motion, and this court deferred ruling on the motion until plenary presentation and consideration of the entire case.

## STANDARD OF REVIEW

¶ 7 Generally, an appeal from a judgment on a petition for post-conviction relief raises questions of law reviewed for correctness, giving no deference to the post-conviction court's conclusion. *Parsons v. Barnes,* 871 P.2d 516, 518 (Utah 1994).

## ANALYSIS

¶ 8 The State contends that (1) it has the right to appeal from a final judgment on a petition for post-conviction relief, (2) the trial court erred in granting the petition for post-conviction relief because the new information relied on is merely impeachment evidence, and (3) the trial court additionally erred in granting the petition because Wickham has failed to establish that no reasonable trier of fact could have found him guilty. We address each issue separately.

## I. RIGHT TO APPEAL

¶ 9 Wickham petitioned for relief under the Post–Conviction Remedies Act (the Act). Utah Code Ann. §§ 78–35a–101 to –110 (1996). Under the Act, a person who has been convicted and sentenced for a criminal offense may file a civil action for post-conviction relief to vacate or modify the conviction or sentence. *Id.* Wickham contends that the post-conviction order granting a new trial is not an appealable order because the right of appeal is limited to "final orders and judgments" by rule 3(a) of the Utah Rules of Appellate Procedure. He relies on *State v. Kelbach,* 569 P.2d 1100 (Utah 1977), where we held that the State has no right to appeal in criminal cases except as expressly provided for by statute. *Id.* at 1102. His argument, however, overlooks two key factors.

¶ 10 First, a petition for post-conviction relief is a civil action, specifically governed by rule 65C of the Utah Rules of Civil Procedure. Wickham's reliance on statutes, other rules, and cases that apply in other civil or criminal proceedings is misplaced. Rule 65C of the Utah Rules of Civil Procedure provides in relevant part:

(m)(1) If the court vacates the original conviction or sentence, it shall enter findings of fact and conclusions of law and an appropriate order. If the petitioner is serving a sentence for a felony conviction, the order shall be stayed for 5 days. Within the stay period, the respondent shall give written notice to the court and the petitioner that the respondent will pursue a new trial, pursue a new sentence, appeal the order, or take no action.

65C(m)(1) (1999).

¶ 11 Second, Wickham overlooks the fact that the Act explicitly provides the right to appeal in sections 78–35a–108 and 78–35a–110. Section 78–35a–108(2)(a) provides:

If the petitioner is serving a felony sentence, the order shall be stayed for five days. Within the stay period, the respondent shall give written notice to the court and the petitioner that the respondent will pursue a new trial or sentencing proceedings, *appeal the order,* or take no action.

§ 78–35a–108 (emphasis added). Further, section 78–35a–110 allows any party "to appeal from the trial court's final judgment on a petition for post-conviction relief." § 78–35a–110.

¶ 12 Thus both the Act and rule 65C make it clear that either party may appeal from a final judgment or order on a petition for post-conviction relief. Accordingly, the State clearly has the right to appeal from the final judgment and order granting the petition for post-conviction relief in this case. Wickham's motion to dismiss the appeal is denied.

## II. IMPEACHMENT EVIDENCE

¶ 13 The State contends that the trial court erred in granting the petition because the new evidence relied on was merely impeachment evidence. Section 78–35a–104(1)(e)(iii) of the Act provides that newly discovered evidence may merit relief when "the material evidence is not merely impeachment evidence." *See State v. Boyd,* 2001 UT 30, ¶ 28, 25 P.3d 985, 993 ("Newly discovered evidence does not warrant a new trial where its only use is impeachment."); *State v. Worthen,* 765 P.2d 839, 851 (Utah 1988) ("Generally, newly discovered impeachment evidence does not ordinarily warrant a new trial."). Accordingly, under the Act,

Wickham has the burden of pleading and proving that the new evidence is not "merely impeachment evidence." § 78–35a–104(iii).

¶ 14 Wickham contends that the new evidence is not offered solely for impeachment because it is directly relevant to the substance of the victim's testimony at trial. The new evidence consisted of social service records that were released to counsel by the court following an in camera review, including documents generated by DCFS and Valley Mental Health. These go beyond mere impeachment, according to Wickham, because "the evidence goes directly to [the victim's] ability to perceive and remember events and to testify competently at trial." We disagree. Although the new evidence offered by Wickham may have strong impeachment value—even to the point of calling into question a witness's credibility—the strength of the evidence does not change the fact that it is being offered solely for impeachment purposes. The evidence is not directly related to the charges against him; it does not negate a specific element of the prosecution's case. Instead, the information in the victim's social service records goes solely to the credibility of the victim and serves only to impeach her. It has no other use.

¶ 15 Wickham also asserts that the evidence is not merely impeachment evidence because the conviction rests solely on the testimony of the victim. He argues that the victim suffered from chronic mental illness, thus her ability to perceive events casts doubt on her testimony. Yet, it is not the number of witnesses, but the purpose for which the evidence is offered that determines whether certain evidence is "merely impeachment evidence." Because Wickham relies on this evidence for nothing more than to impeach the victim's testimony, it is merely impeachment evidence regardless of amount and type of witness testimony it seeks to impeach.

### III. WICKHAM'S ARGUMENTS FOR AFFIRMATION ON OTHER GROUNDS

¶ 16 Wickham argues that even if we reverse the trial court's ruling regarding the victim's medical records, we should still affirm its grant of post-conviction relief on two other grounds. First, Wickham asserts that the testimony of eyewitnesses Danny Pliego and Anthony Anderson constituted newly discovered material evidence warranting post-conviction relief. Both witnesses testified at the post-conviction hearing that they were with Wickham during all of the evening in question and that Wickham did not commit the offense. In addition to the previously mentioned requirement that newly discovered evidence must not be merely impeachment evidence, section 78–35a–104 makes post-conviction relief contingent on the fact that

> (i) neither the petitioner nor petitioner's counsel knew of the evidence at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or post-conviction proceeding, and the evidence could not have been discovered through the exercise of reasonable diligence;
>
> (ii) the material evidence is not merely cumulative of evidence that was known;
>
> . . . ;
>
> (iv) viewed with all the other evidence, the newly discovered material evidence demonstrates that no reasonable trier of fact could have found the petitioner guilty of the offense or subject to the sentence received.

§ 78–35a–104.

¶ 17 At the time of Wickham's trial, Pliego was in police custody out of state awaiting extradition to Utah. Wickham's trial counsel testified that he could have attempted to seek a continuance of the trial until Pliego was back in the state, but he made a tactical decision not to seek a continuance because the state's medical expert was not going to be available to testify on the date the trial had been set. Counsel made the decision to force the State to go to trial without any medical evidence, which counsel thought would weaken the State's case. Thus Pliego's testimony does not qualify as "newly discovered."

¶ 18 The testimony of Anderson, while not discoverable until after the trial,

fails to meet the high standard prescribed by section 78–35a–105(iv). *See State v. Julian,* 2002 UT 61, ¶ 16, 771 P.2d 1061. At the post-conviction relief hearing, Anderson testified that he was with Wickham the entire evening of the alleged crime. He testified further that he and Wickham attended the party at which the victim was present, but that the victim appeared to be very close to another man and that Wickham was not alone with the victim from the time they arrived at the party until she left the following morning. This evidence is, of course, very favorable to Wickham, but it is not so compelling as to demonstrate that no reasonable trier of fact could have found Wickham guilty. A jury could rationally disbelieve Anderson in view of other evidence implicating Wickham.

■ ¶ 19 Wickham also asserts that we should affirm the judgment because he had ineffective assistance of trial counsel. The trial court found that his counsel had been effective. He argues that his counsel was ineffective because he failed to interview Pliego and Anderson and to call them as witnesses at his trial. We do not agree. To show ineffective assistance of counsel, "a defendant must show (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that but for counsel's deficient performance there is a reasonable probability that the outcome of the trial would have been different." *State v. Smith,* 909 P.2d 236, 243 (Utah 1995); *see also State v. Templin,* 805 P.2d 182, 186 (Utah 1990); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure of Wickham's trial counsel to interview and call Anderson as a witness does not meet the first prong of this test because, as the trial court found, though counsel attempted to locate Anderson, he did not know of his whereabouts or how to contact him and might not have even known his name beyond the moniker "A.J." Counsel's failure to interview and call Pliego as a witness also does not meet the first prong. As has already been pointed out, a tactical decision was made by Wickham's trial counsel not to seek a continuance of the trial to a later date when Pliego would be back in the state. *See State*

*v. Dunn,* 850 P.2d 1201, 1225 (Utah 1993) (sound trial strategy does not demonstrate inadequacy of counsel). Further, when trial counsel attempted to contact Pliego after the trial, Pliego, on advice of his counsel, refused to speak with him. There is no reason to assume that he would have cooperated if he had been contacted earlier.

## CONCLUSION

¶ 20 We conclude that the trial court erroneously granted Wickham post-conviction relief because the newly discovered evidence does not meet the requirements enumerated in the Act. The evidence is merely impeachment evidence, addressing only the credibility of the victim. Further, the judgment below cannot be affirmed on the alternate grounds urged by Wickham. Therefore, we reverse the judgment for post-conviction relief.

¶ 21 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice RUSSON, and Justice WILKINS concur in Justice HOWE's opinion.