**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRIS WICKHAM,

       Petitioner-Appellant,

  v.

CLINT FRIEL,

       Respondent-Appellee.

No. 05-4077
(D.C. No. 2:03-CV-595-TS)
(D. Utah)

**ORDER AND JUDGMENT***

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,** District Judge.

Chris Wickham, a Utah state prisoner, appeals from the denial of his

petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The district

court dismissed many of his habeas claims as untimely. We granted a certificate

of appealability (COA) concerning the one-year limitations period for filing

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

habeas petitions set forth in 28 U.S.C. § 2244(d)(1)(D), which measures the period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." We also granted a COA on whether equitable tolling should be applied and whether the matter should be remanded to the district court. The parties have filed supplemental briefs. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and reverse.

I.

After a jury trial, Mr. Wickham was convicted on January 29, 1997, of two counts of aggravated sexual assault, each a first-degree felony under Utah Code Ann. § 76-5-405 (1996). The victim was a sixteen-year-old girl. On March 21, 1997, Mr. Wickham was sentenced to two consecutive terms of ten years to life. He did not file a direct appeal. Under Rule 4(a) of the Utah Rules of Appellate Procedure, his conviction became final on the last day he could have filed a direct appeal, April 20, 1997.[1]

_____

[1]     The district court found that Mr. Wickham's conviction became final on May 19, 1997, and Mr. Wickham asserts that it became final on June 9, 1997, one month after he withdrew a motion for a new trial. We are unable to discern from the record if either of these alternate dates are correct. The precise date on which Mr. Wickham's conviction became final, however, is immaterial for our purposes because he did not file his § 2254 petition until July 3, 2003, which is more than six years after any of the dates on which his conviction may have become final and well beyond the one-year limitation set forth in 28 U.S.C. § 2244(d)(1)(A).

-2-

On March 9, 1999, one of Mr. Wickham's co-defendants, Robert Pliego, who had been a fugitive after the incident, pleaded guilty to one count of unlawful sexual intercourse, a third-degree felony under Utah law. As the prosecutor later testified during Mr. Wickham's post-conviction proceedings, the primary concern in the decision to offer Mr. Pliego a plea bargain that reduced two first-degree felony charges to a single third-degree felony charge was the fact that the victim's social service records called the veracity of the victim's story into question by revealing that she had previously lied about sexual abuse. Mr. Pliego's counsel obtained those records from various state agencies after having unsuccessfully sought to obtain them from the prosecution. *See State v. Pliego*, 974 P.2d 279, 283 (Utah 1999) (holding that prosecution had no obligation to obtain and produce the records and that Mr. Pliego should have sought the records himself by subpoena to the state agencies).

On April 19, 1999, Mr. Wickham filed a pro se petition for post-conviction relief in state court claiming that his trial counsel failed to file an appeal as Mr. Wickham had requested. He soon obtained counsel who filed an amended petition on June 16, 1999, that added claims based on the victim's social service records—that trial counsel rendered ineffective assistance by failing to seek production of the records and that the records were newly discovered material evidence warranting a new trial. Mr. Wickham requested copies of the records.

After reviewing them in camera, the court provided Mr. Wickham with copies of those records that were material to his claims on February 25, 2000.

In a memorandum decision filed on July 31, 2000, the state district court concluded in relevant part that although trial counsel had not rendered ineffective assistance in failing to uncover the victim's social service records, the records were newly discovered evidence justifying vacatur of the conviction and a new trial. On July 26, 2002, the Utah Supreme Court reversed, concluding that because the victim's social service records served only to impeach the victim's credibility, there was an insufficient basis under Utah law for granting a new trial. *See Wickham v. Galetka*, 61 P.3d 978, 980-81 (Utah 2002). Mr. Wickham had urged the Utah Supreme Court to affirm on alternate bases, one of which was that trial counsel's failure to obtain the records constituted ineffective assistance of counsel. The court, however, did not discuss that particular basis. *See id.* at 982 (discussing ineffective assistance only in context of trial counsel's failure to interview Mr. Pliego and another witness and call them at trial). The Utah Supreme Court denied Mr. Wickham's petition for rehearing on December 5, 2002.

On July 3, 2003, Mr. Wickham filed a pro se petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. Among other claims, he alleged again that trial counsel was ineffective in failing to discover and present the victim's social service records. The district court concluded that seven of

-4-

Mr. Wickham's claims, including his ineffective assistance of trial counsel claims, were barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which measures the limitations period from the date on which the state judgment became final on direct review, and that he was not entitled to equitable tolling. The court declined to reach questions of state law, found one claim procedurally barred, and denied other claims on the merits.

On July 8, 2005, Mr. Wickham, again appearing pro se, applied to this court for a COA to appeal the district court's denial of his § 2254 petition. We granted the application on March 7, 2006,[2] as to the following three related issues concerning trial counsel's failure to discover and present the victim's social service records:

> (1) whether the release of the social service records during the state-post conviction proceedings constituted "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), such that the claim is not time-barred; (2) whether the doctrine of equitable tolling should be applied to this ineffective assistance of counsel claim; and (3) whether this ineffective assistance of counsel claim should be remanded to the district court for consideration on the merits.

*Wickham v. Friel*, No. 05-4077, slip op. at 2 (10th Cir. Mar. 7, 2006) (order granting certificate of appealability) (omission in original). Mr. Wickham then

---

[2] Mr. Wickham also applied for a COA in the district court on May 4, 2005. The district court denied that application on March 3, 2006. *See Wickham v. Friel*, No. 2:03-cv-595-TS, 2006 WL 533509, at *1 (D. Utah Mar. 3, 2006).

obtained counsel, who filed a supplemental brief in response to our order granting a COA.

"In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law *de novo*." *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). We review de novo the district court's dismissal of Mr. Wickham's ineffective assistance claim as time-barred under § 2244(d). *See id.* at 1137-38.

As an initial matter, appellee contends that Mr. Wickham has argued for the first time on appeal, in his supplemental brief, the merits of the first issue on which we granted a COA—whether the statutory period for filing his habeas petition should be computed under § 2244(d)(1)(D) by reference to the date on which the victim's social service records were released during his state post-conviction hearing. Therefore, appellee concludes, Mr. Wickham has waived the first issue on which we granted a COA.

From our review of the record, it does not appear that Mr. Wickham squarely argued at any time prior to his supplemental brief on appeal that his petition was timely if measured against the date on which the social service records were released to him. Although the district court expressly stated that Mr. Wickham had made an argument under § 2244(d)(1)(D), it did not elaborate on the nature of that argument. But Mr. Wickham did argue in the district court

that the victim's records were newly discovered evidence that entitled him to a new trial under the Utah post-conviction remedies statute. In its consideration of the interplay between the newly discovered evidence and the question of timeliness, the court stated that the records do "not serve as a basis to allow consideration of the other claims Petitioner has forfeited under the period of limitations." R., Vol. I, Doc. 22 at 4. Those "other claims" included the ineffective assistance of counsel claim at issue here, which suggests that the district court implicitly considered whether the petition might be timely under § 2244(d)(1)(D) as measured from the date on which Mr. Wickham's could have become aware that the victim's records formed the factual predicate of his ineffective assistance claim. These circumstances justify exercising our discretion to hear for the first time on appeal the first issue on which we granted a COA. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) (explaining that "[t]he matter of what questions may be addressed for the first time on appeal is within our discretion and decided on a case by case basis"). Moreover, we have recognized an exception to the general rule that we do not consider an issue raised for the first time on appeal to prevent a miscarriage of justice, *see id.*, which may occur here absent our review.[3]

---

[3]     Similar reasoning also forecloses appellee's argument that we should not consider the third issue on which we granted a COA, whether to remand, because Mr. Wickham did not assert in the district court one of the bases for obtaining federal habeas relief, namely, that the state court's decision on his post-judgment

(continued...)

Turning to the merits of the first issue, Mr. Wickham must have actually discovered the factual predicate of his claim sometime prior to June 16, 1999, the date on which he filed his amended petition and added the claim. Thus, it appears that his actual discovery necessarily occurred a good deal prior to the release of the victim's records to him in early 2000, the date we had considered in our order granting a COA. But this deduction is of limited assistance because the statute requires us to determine the date on which Mr. Wickham *could have discovered* the factual predicate of his claim. *See* 28 U.S.C. § 2244(d)(1)(D). We conclude that through the exercise of due diligence, Mr. Wickham could have become aware of the existence of the records no earlier than the date on which the Utah Supreme Court's opinion in *State v. Pliego*, which discussed Mr. Pliego's attempt to obtain the victim's records in support of his defense, became available in the prison law library. *See Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (information related in a new case is discoverable by due diligence when the opinion becomes available in the prison law library). In order to have ascertained the factual predicate of his claim prior to that date, Mr. Wickham would have had to hypothesize that the victim had social service records that might have been beneficial to his defense and then attempt to obtain them.

---

[3](...continued)
petition "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," 28 U.S.C. § 2254(d)(2).

Requiring Mr. Wickham to exercise such prescience and diligence, particularly in view of the fact that he was incarcerated, would exceed the standard set forth in § 2244(d)(1)(D), which "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence," *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (quotation omitted). There is no indication that Mr. Wickham had been in contact with Mr. Pliego prior to the date on which *State v. Pliego* became available in the prison law library or otherwise actually knew, or could have discovered through the exercise of due diligence at an earlier date, that Mr. Pliego was attempting to obtain the victim's records as evidence to support his defense or that the records existed.

We need not determine the exact date on which the decision in *State v. Pliego* became available in the prison law library. Even using the date that the decision was issued, January 29, 1999, as a starting point, Mr. Wickham's federal habeas petition is timely under § 2244(d)(1)(D). Eighty days against the limitations period elapsed between January 29, 1999, and the date on which Mr. Wickham filed his state petition for post-conviction relief, April 19, 1999. During the pendency of the state post-conviction proceedings, the limitations period was tolled. *See* 28 U.S.C. § 2244(d)(2).[4] The state proceedings ended on

---

[4] 28 U.S.C. § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

December 5, 2002, when the Utah Supreme Court denied Mr. Wickham's petition for rehearing. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (state post-conviction proceeding is final for § 2244(d)(2) purposes after state's highest court has addressed the application); *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (application for post-conviction relief remains pending for § 2244(d)(2) purposes the entire "time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies").[5] Mr. Wickham filed his habeas petition on July 3, 2003, 210 days after the state proceedings ended. Adding together the eighty days that ran before the state proceedings tolled the limitations period and the 210 days that ran after the state proceedings had ended yields 290 days, placing Mr. Wickham's federal habeas petition within the one-year period. Accordingly, his claim that his trial counsel rendered ineffective assistance by failing to obtain the victim's social services records is timely under § 2244(d)(1)(D) and (d)(2).[6]

---

[5]      Mr. Wickham mistakenly relies on *Locke v. Saffle*, 237 F.3d. 1269, 1272 (10th Cir. 2001), for the proposition that the period is further tolled until March 5, 2003, the end of the ninety-day period in which he could have petitioned the United States Supreme Court for a writ of certiorari. That rule applies when measuring the limitation period from the date on which the state judgment became final after direct review under 28 U.S.C. § 2244(d)(1)(A), not to the tolling provision for post-conviction proceedings set forth in § 2244(d)(2). *See Locke*, 237 F.3d at 1271 & n.2, 1273 (citing *Rhine*). Even under our less-generous calculation, however, Mr. Wickham's petition was timely as to the claim at issue in this appeal.

[6]      We also would conclude that Mr. Wickham's federal habeas petition is

(continued...)

Because we resolve the timeliness issue based on the statute, we need not address the second issue on which we granted a COA, whether equitable tolling applies. As to the third issue on which we granted a COA, appellee presents a number of reasons that he believes counsel against remanding Mr. Wickham's ineffective assistance claim. These include that the state post-conviction court's factual findings were not contrary to the record, the victim's records were privileged and confidential and therefore not discoverable or admissible at trial, the records were released to Mr. Pliego's trial counsel inadvertently, and Mr. Wickham cannot show he was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny because he was offered the same plea bargain that Mr. Pliego received even without any benefit that the records might have afforded him. We think these matters are better considered by the district court in the first instance on remand.

The judgment of the district court is REVERSED as to its holding that Mr. Wickham's ineffective assistance of trial counsel claim is time-barred, and the matter is REMANDED to the district court for further proceedings consistent with this order and judgment. Appellee's motion to seal documents, which the

---

[6](...continued)
timely even if we used June 16, 1999, the date he filed his amended state petition and added the ineffective assistance claim based on the records, as the proper date to begin the period of tolling under § 2244(d)(2). Using that date, 138 days would have run prior to tolling instead of eighty. When added to the 210 days that elapsed later, a total of 348 days would have run against the one-year period.

clerk of this court provisionally granted, is now permanently GRANTED, and the documents shall be sealed.  Mr. Wickham's application to proceed in forma pauperis is GRANTED, and we remind Mr. Wickham of his obligation to continue making partial payments until his appellate filing fee is paid in full.

Entered for the Court


Wesley E. Brown
District Judge