2015 UT App 154

## THE UTAH COURT OF APPEALS

CYNTHIA MAGALLANES,
Petitioner and Appellant,
*v.*
SOUTH SALT LAKE CITY,
Respondent and Appellee.

Memorandum Decision
No. 20131001-CA
Filed June 18, 2015

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 130903195

Michael P. Studebaker, Attorney for Appellant

Sarah E. Spencer, Lyn L. Cheswell, and Paul H.
Roberts, Attorneys for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR.
concurred.

ROTH, Judge:

¶1     Cynthia Magallanes appeals the district court's dismissal
of her petition for postconviction relief. We affirm.

¶2     Magallanes was charged with driving under the influence
of alcohol and other offenses. As a result of plea negotiations,
Magallanes pleaded guilty in justice court in November 2009 to
impaired driving. She had been arrested by former Utah
Highway Patrol Trooper Lisa Steed. In May 2013, Magallanes
filed a petition in the district court under the Post-Conviction
Remedies Act (the PCRA) to have her guilty plea set aside.
Magallanes asserted that she had recently learned that Trooper
Steed had been the subject of discipline for falsifying reports,

providing questionable testimony, and failing to follow department policy in a number of other DUI cases. Magallanes asserted that Trooper Steed's supervisors were aware of Trooper Steed's conduct and that the prosecution's failure to disclose this information to her at the time of her plea violated her due process rights. Had this information been disclosed to her at the time of her plea, Magallanes argued, her "case would have had a different outcome."

¶3 The district court dismissed the motion, explaining that "post-conviction remedies are limited in the light of an accused entering a guilty plea" and that Magallanes bore "the heavy burden of establishing that her plea was not voluntarily and knowingly entered." Citing *Medel v. State*, 2008 UT 32, 184 P.3d 1226, the district court explained that a defendant seeking to have a guilty plea set aside on the ground that the prosecution failed to disclose favorable evidence must show that the evidence was "material" and "exculpatory" in the sense that it suggests "factual innocence." The court reasoned that Magallanes had failed to show any connection between the evidence of Trooper Steed's criticized conduct in other cases and Trooper Steed's conduct in Magallanes's case. The court also explained that Magallanes had failed to show how the evidence was exculpatory where she had never asserted her innocence. Accordingly, the district court concluded that Magallanes had "not established any constitutional violation that would render her plea unknowing or involuntary."

¶4 The district court also concluded that Magallanes's claim of newly discovered evidence was barred by the PCRA because the information about Trooper Steed was presented for the sole purpose of impeachment. *See* Utah Code Ann. § 78B-9-10 4(1)(e)(iii) (LexisNexis 2012) (stating that a petitioner is not eligible for postconviction relief on the grounds of newly discovered evidence if it is "merely impeachment evidence"). The court explained that while the recently obtained "evidence presented by [Magallanes] admittedly raises serious questions

concerning Trooper Steed's credibility and the manner in which she performed her duties including DUI stops in particular," "none of the evidence relates to Ms. Magallanes or this traffic stop in particular." Accordingly, the district court concluded that the new evidence offered by Magallanes did not warrant setting aside her guilty plea under the PCRA on the grounds of newly discovered evidence.

¶5     Magallanes appeals. We review a district court's decision to dismiss a petition for postconviction relief for correctness. *Medel*, 2008 UT 32, ¶ 16.

¶6     Magallanes argues that the district court erred in rejecting her claim that her right to due process was violated by the prosecution's failure to disclose information about Trooper Steed's misconduct prior to the entry of her plea. Magallanes argues that the information about Trooper Steed was "material" to her "guilt or punishment" and the prosecution was therefore required to disclose it under *Brady v. Maryland*, 373 U.S. 83 (1963), to ensure fairness in her proceedings. She argues that this evidence was material to her guilt because without it she was "unable to adequately defend herself to show that [Trooper] Steed falsely stopped her vehicle." She asserts that "[Trooper] Steed is untruthful at best. As such, any statements [Trooper Steed made] about the basis for a stop should be presumed to be untruthful." Magallanes contends that *Brady* requires disclosure by the prosecution of any material evidence, even if it is solely impeachment evidence because, under *Brady*, "there is no difference between exculpatory and impeachment [evidence]." She also contends that the district court erred in determining she needed to show that the newly discovered evidence supported her factual innocence in order to prevail on that claim.

¶7     We considered almost identical arguments in *Monson v. Salt Lake City*, 2015 UT App 136. In *Monson*, the defendant had pleaded guilty to driving under the influence after an arrest by Trooper Steed. *Id.* ¶ 2. The defendant in that case also challenged

the district court's dismissal of his petition for relief under the PCRA on the grounds that the prosecution had "failed to disclose both the internal-investigation report and the evidence that Trooper Steed had been disciplined for violation of department policies." *Id.* ¶¶ 5–6. This court reiterated that "once a defendant has pled guilty, the 'only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.'" *Id.* ¶ 6 (quoting *Medel*, 2008 UT 32, ¶ 26). Guilty pleas may be shown to be involuntary on the basis that the prosecution failed to disclose material exculpatory evidence. *See Medel*, 2008 UT 32, ¶¶ 32–33. But "[i]f 'the undisclosed evidence was . . . impeachment evidence that neither suggests factual innocence nor shakes our confidence in the outcome of the proceedings,' the prosecution's failure to disclose that evidence will not render a defendant's plea involuntary or unknowing." *See Monson*, 2015 UT App 136, ¶ 7 (omission in original) (quoting *Medel*, 2008 UT 32, ¶ 27).

¶8　　We conclude here, as we did in *Monson*, that Magallanes has failed to demonstrate how the evidence of Trooper Steed's misconduct constitutes more than impeachment evidence or demonstrates her factual innocence. Magallanes has not argued that she is innocent of the crime to which she pleaded guilty. Nor has she claimed that any of the violations for which Trooper Steed has previously been investigated occurred in her specific case. Magallanes has identified no impropriety in the manner in which Trooper Steed executed the arrest and, beyond allegations that Trooper Steed is generally untruthful, has not asserted a lack of a factual basis for the stop of Magallanes's vehicle or for the ensuing charges. Thus, the evidence of Trooper Steed's untruthfulness or failure to follow departmental policy would, "at best, affect[] her credibility before the jury, and it would therefore have served merely as impeachment evidence." *See id.* ¶ 10.

¶9　　Magallanes contends that the information about Trooper Steed "is more than *mere* impeachment evidence" because of the

effect she believes it would have on Trooper Steed's credibility at any trial. But, as the Utah Supreme Court noted in *Wickham v. Galetka*, 2002 UT 72, 61 P.3d 978, "[a]lthough the new evidence offered by [the defendant] may have strong impeachment value—even to the point of calling into question a witness's credibility—the strength of the evidence does not change the fact that it is being offered solely for impeachment purposes." *Id.* ¶ 14. The *Wickham* court further concluded that it is "the purpose for which the evidence is offered that determines whether certain evidence is 'merely impeachment evidence.'" *Id.* ¶ 15. Because the sole purpose of the evidence offered here was to impeach Trooper Steed and because "it does not negate a specific element of the prosecution's case" and is not "directly related to the charges against [Magallanes]," we reject Magallanes's claim that the evidence constituted more than "'mere[] impeachment evidence.'" *See id.* ¶¶ 14–15. We therefore see no error in the district court's determination that because Magallanes failed to show that the undisclosed evidence demonstrated her factual innocence or rendered her plea unknowing or involuntary, she was not entitled to have her guilty plea set aside.

¶10    We affirm.

————————