**2015 UT App 181**

## THE UTAH COURT OF APPEALS

ANDREW BINKERD,
Appellant,
*v.*
SOUTH SALT LAKE CITY,
Appellee.

Per Curiam Decision
No. 20131021-CA
Filed July 30, 2015

Third District Court, Salt Lake Department
The Honorable Anthony B. Quinn
No. 130902768

Michael P. Studebaker, Attorney for Appellant

Sarah E. Spencer and Paul H. Roberts, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE and
KATE A. TOOMEY.

PER CURIAM:

¶1     Andrew Binkerd appeals the dismissal of his petition for post-conviction relief. We affirm.

¶2     Binkerd was charged in justice court with driving while impaired and other various offenses after a traffic stop initiated by Utah Highway Patrol Trooper Lisa Steed. Binkerd pleaded guilty to the driving while impaired charge in 2009. In 2013 Binkerd filed a Petition for Post-Conviction Relief in the district court seeking to have his guilty plea set aside. The district court dismissed the petition. Binkerd appeals, arguing that South Salt Lake City withheld material exculpatory evidence concerning professional misconduct by Trooper Steed. Binkerd also argues that additional evidence of Trooper Steed's misconduct not

known at the time constitutes newly discovered evidence that entitles him to relief under the Post-Conviction Remedies Act.

¶3     This court has recently resolved the precise issues raised by Binkerd. *See Monson v. Salt Lake City*, 2015 UT App 136; *Magallanes v. South Salt Lake City*, 2015 UT App 154. In *Monson* and *Magallanes* we concluded that the evidence of Trooper Steed's misconduct was merely impeachment evidence rather than exculpatory. Accordingly, the City had no obligation to disclose the evidence prior to the plea. *See Monson*, 2015 UT App 136, ¶¶ 10–11. The analysis set forth in *Monson* and *Magallanes* conclusively resolves the issues in this case because both the arguments raised and the factual background are nearly identical to that in the other two decisions.

¶4     Affirmed.

————————