**2015 UT App 226**

## THE UTAH COURT OF APPEALS

SHANE KENNETH WILCOCK,
Appellant,
*v.*
SOUTH SALT LAKE CITY,
Appellee.

Per Curiam Decision
No. 20131005-CA
Filed September 11, 2015

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 130900819

Michael P. Studebaker, Attorney for Appellant

Sarah Elizabeth Spencer, Tanner S. Lenart, Lyn
Creswell, and Paul H. Roberts, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1      Shane Kenneth Wilcock appeals the dismissal of his petition for post-conviction relief. We affirm.

¶2      Wilcock was charged with driving under the influence of alcohol or drugs and other offenses after a traffic stop initiated by Utah Highway Patrol Trooper Lisa Steed. In 2011, Wilcock pleaded no contest in the South Salt Lake City Justice Court to the charge of driving with a measurable amount of a controlled substance in his body, a class B misdemeanor. In 2013, Wilcock filed a Petition for Post-Conviction Relief seeking to have his no contest plea set aside. Wilcock argued that South Salt Lake City withheld material exculpatory evidence concerning professional

misconduct by Trooper Steed. Wilcock also argued that evidence of Trooper Steed's misconduct was newly-discovered evidence that entitled him to relief under the Post-Conviction Remedies Act. The district court dismissed the petition, and Wilcock appeals.

¶3     This court recently resolved the same issues raised by Wilcock. *See Monson v. Salt Lake City*, 2015 UT App 136, 351 P.3d 821; *Magallanes v. South Salt Lake City*, 2015 UT App 154, 353 P.3d 621. In *Monson*, this court concluded that the evidence of Trooper Steed's misconduct was merely impeachment evidence and was not material exculpatory evidence. Accordingly, the city had no obligation to disclose the evidence prior to the no contest plea. *See Monson*, 2015 UT App 136, ¶¶ 10–11. Wilcock "has failed to demonstrate how the evidence of Trooper Steed's misconduct constitutes more than impeachment evidence or demonstrates [his] factual innocence." *See Magallanes*, 2015 UT App 154, ¶ 8. Similarly, Wilcock's claim that there was an insufficient factual basis for the traffic stop, even assuming it was not waived by his no contest plea, is also based only upon an allegation "that Trooper Steed [was] generally untruthful" and depends on the same impeachment evidence raised in his other claims for post-conviction relief. *See id. Monson* and *Magallanes* resolve all the issues raised in this appeal.

¶4     Affirmed.

————