OGDEN CITY CORPORATION, a municipal corporation of the State of Utah; Weber County, a body politic of the State of Utah; Ogden City, Weber County Joint Building Authority, a Utah nonprofit corporation; A. Stephen Dirks, Mayor of Ogden City, Utah; and Boyd K. Story, Chairman of the Board of County Commissioners of Weber County, Utah, and President and Chairman of the Governing Board of the Ogden City, Weber County Joint Building Authority, Plaintiffs,

v.

Donna ADAM, City Recorder of Ogden City Corporation; and Wendell Hansen, County Clerk of Weber County, Defendants.

No. 17765.

Supreme Court of Utah.

July 30, 1981.

Richard S. Fox, Fredrick H. Olsen, Salt Lake City, for plaintiffs.

Jack A. Richards, Parley R. Baldwin, Phillip J. Williamson, Ogden, for defendants.

## PER CURIAM:

This is an original proceeding wherein plaintiffs seek an extraordinary writ compelling the defendants to attest to and affix the seal of Ogden City (hereinafter "Ogden"), and Weber County (hereinafter "Weber") to certain lease agreements to be entered into with the Ogden City, Weber County Joint Building Authority (hereinafter "Authority"). The matter was submitted without oral argument, based upon the respective pleadings and memoranda of counsel.

Both Ogden and Weber have adopted ordinances pursuant to the provisions of the Utah Nonprofit Corporation and Co-operative Association Act,[1] and have filed articles of incorporation which empower them to enter into contracts and issue bonds.

The Utah Municipal Building Authority Act[2] authorizes municipalities to create "building authorities" and to jointly construct and occupy capital improvements. Pursuant thereto, Ogden and Weber created the Authority for the purpose of acquiring the Ben Lomond Hotel and readying it for occupancy as business offices. They also approved a bond issue to cover the cost thereof.

Both Ogden and Weber intend to partially occupy, along with other tenants, the proposed office building, and to pay monthly rental therefor. The proposed bond issue contains an exception clause which requires the municipalities to pay for their occupancy of the building from their respective general obligation funds. That clause reads as follows:

With the sole exception of the obligation of the City or the County to pay from and to the extent of available City or County funds all base rentals and additional rentals allocable to any period during which the City or the County, respectively, shall occupy the project, no judgment requiring a payment of money may be entered against the City or the County by reason of a nonrenewal, an event of default or an event of nonappropriation under the City lease or the County lease.

Defendants interpret the foregoing clause as requiring municipal expenditures in excess of constitutional limitations without the approval of the electorate.[3] Therefore, they refused to attest to or affix their seal on the building leases. On the other hand, plaintiffs contend that the leases and the bonds are valid and payable only out of the proceeds of the over-all project and are thus constitutional. That controversy gave rise to the filing of these proceedings.

■ An extraordinary writ will issue only "where no other plain, speedy and adequate remedy exists."[4] In the instant case, no such showing has been made. No facts are stated which reflect the necessity for immediate relief, nor has there been a showing of irreparable harm or loss by any-

1. U.C.A., 1953, 16–6–18, et seq.

2. U.C.A., 1953, 11–29–1, et seq., enacted in 1981 as Senate Bill No. 272.

3. Constitution of Utah, Article XIV, Section 3.

4. Rule 65B(a), U.R.C.P.; Richards, et al., v. Weber County Irr. Dist., et al., 63 Utah 298, 225 P. 600 (1924).

one. Further, it has not been demonstrated that the remedies available at law are less than adequate. On the contrary, it appears that the remedy afforded at law under the Declaratory Judgment Act [5] is not only adequate, but appropriate as well, since it would accommodate a trial and the determination of facts should such issues arise during the course of the proceedings.

The petition for extraordinary relief is denied.