STATE of Utah, Plaintiff and Appellee,

v.

**Chandara DOUNG, Defendant and Appellant.**

No. 910072.

Supreme Court of Utah.

June 6, 1991.

R. Paul Van Dam, Salt Lake City, for appellee.

Lynn R. Brown, Salt Lake City, for appellant.

TRANSFER ORDER

PER CURIAM:

This matter presents a jurisdictional issue. The Utah legislature has split juris-

diction to review those criminal cases tried in the district court between the Utah Supreme Court and the Utah Court of Appeals according to the severity of the crime. Thus, under Utah Code Ann. § 78-2-2(3)(i), this court hears "appeals from the district court involving a *conviction* of a first degree or capital felony," and under Utah Code Ann. § 78-2a-3(2)(f), the court of appeals hears "appeals from district court in criminal cases, except those involving a *conviction* of a first degree or capital felony." (Emphasis added.)

Defendant here was charged with and found guilty of aggravated arson, in violation of Utah Code Ann. § 76-6-103, a first degree felony. At sentencing, on defendant's motion, the court reduced the conviction to a second degree felony pursuant to Utah Code Ann. § 76-3-402. Defendant's counsel then filed a notice of appeal in the district court, designating the Utah Court of Appeals as the court to which the appeal was taken.[1] The court of appeals, however, has sent the case here on the premise that jurisdiction lies in this court instead.[2]

Section 76-3-402, which authorizes a sentencing judge to reduce a conviction, provides:

> (1) If the court, having regard to the nature and circumstances of the offense of which the defendant was found guilty and to the history and character of the defendant, concludes that it would be unduly harsh to record the conviction as being for that category of offense established by statute and to sentence the defendant to an alternative normally applicable to that offense, the court may, unless otherwise specifically provided by law, enter a *judgment of conviction* for the next lower category of offense and impose sentence accordingly.

(Emphasis added.)

Though the verdict is sometimes referred to as the "conviction" in a criminal case, we believe that the term as used in the statutes establishing the jurisdiction of our two appellate courts refers to the "judgment of conviction" as that term is used in section 76-3-402. This is the document which finalizes the actions of the district court in a criminal case. Utah Rule of Criminal Procedure 22 provides that the judgment of conviction includes the plea or the verdict and also the sentence, and under Utah Rule of Criminal Procedure 26(2)(a), a defendant may take an appeal from the judgment of conviction. We therefore hold that when a conviction is reduced under section 76-3-402, the appeal lies in the court having jurisdiction of the degree of crime recorded in the judgment of conviction and for which defendant is sentenced, rather than the degree of crime charged in the information or found in the verdict.

This case is therefore transferred back to the Utah Court of Appeals, as that court has jurisdiction of second degree felonies under section 78-2a-3(2)(f).

---

1. Utah Rule of Appellate Procedure 3(d) provides that the notice of appeal shall designate the court from which the appeal is taken and the court to which the appeal is taken.

2. Under Utah Rule of Appellate Procedure 44, either appellate court may transfer an improperly filed appeal to the court having jurisdiction.