2003 UT 52

**Larry L. HUTCHINGS, Plaintiff and Petitioner,**

v.

**STATE of Utah, Defendant and Respondent.**

No. 20010419.

Supreme Court of Utah.

Nov. 21, 2003.

placeholder

D. Matthew Moscon, Marc T. Rasich, Justin B. Palmer, David J. Williams, Salt Lake City, for plaintiff.

Mark L. Shurtleff, Att'y Gen., Erin Riley, Asst. Att'y Gen., Salt Lake City, for defendant.

PARRISH, Justice:

¶ 1 In this appeal, we review the court of appeals' decision affirming the district court's summary dismissal of Larry L. Hutchings' second petition for post-conviction relief. The court of appeals held that the claims contained in Hutchings' second petition were raised, or could have been raised, in previous proceedings and were therefore precluded by section 106 of Utah's Post Conviction Remedies Act, Utah Code Ann. §§ 78–35a–101 to –110 (1996). We affirm.

## BACKGROUND

¶ 2 In July 1992, Hutchings pled guilty to two second degree felony counts of sexual abuse of a child. Instead of imprisoning Hutchings to serve his concurrent one-to-fifteen-year prison terms, the district court stayed the sentence and placed Hutchings on probation for a period of thirty-six months. Hutchings' probation was conditioned on, among other things, his enrollment in and completion of a sex offender treatment program. Following sentencing, Hutchings moved to New York.

¶ 3 In May 1994, the district court issued an order to show cause why Hutchings' probation should not be revoked on the basis of a motion and affidavit alleging in part that Hutchings had failed to complete a sex offender treatment program. Following a hearing on the order to show cause, for which Hutchings did not appear, the district court found that Hutchings had violated the terms of his probation. The district court issued successive warrants for Hutchings' arrest in December 1994 and February 1995.

¶ 4 In April 1995, New York law enforcement officers arrested Hutchings on the Utah warrant after stopping him for a motor vehicle violation. Utah took no action to extradite Hutchings from New York at that time, and he was eventually released and ordered to pay a fine. Hutchings was again arrested in June 1996, at which time he was extradited to Utah to appear before the district court with appointed counsel. In August 1996, due to Hutchings' failure to complete a sex offender program and failure to report to his probation officer, the district court revoked Hutchings' probation and committed him to the Utah State Prison to serve his original sentence.

¶ 5 Two months after the probation revocation hearing, Hutchings appealed. He also moved for the appointment of counsel to assist with his appeal. The district court scheduled a hearing on the motion, but Hutchings' appeal was dismissed in the intervening time due to his failure to submit a docketing statement.

¶ 6 In January 1997, Hutchings filed pro se his first petition for post-conviction relief pursuant to rule 65C of the Utah Rules of Civil Procedure. The petition challenged the revocation of his probation on numerous grounds, including deficiencies in the service and contents of the district court's orders to show cause, procedural irregularities in Utah's extradition of Hutchings from New York, and ineffective assistance of counsel.[1]

¶ 7 After a preliminary review of Hutchings' first petition, the district court indicated that it had authority under section 109 of the Post Conviction Remedies Act to appoint counsel for Hutchings. The district court did not appoint counsel at that time, however, asking the State to first investigate the issue of the county's responsibility to pay for any counsel appointed. Ultimately, the district court declined to appoint counsel and, in an order dated August 1, 1997, dismissed Hutchings' first petition for post-conviction relief as frivolous on its face.[2]

¶ 8 Hutchings appealed the dismissal of his first petition. The court of appeals affirmed the district court's dismissal. Hutchings then petitioned for a rehearing. That petition was denied by order dated March 23,

---

1. Specifically, the petition argued that Hutchings' sentence should be vacated because (1) Hutchings had not been properly served with the affidavit, motion, and order to show cause alleging the probation violations that ultimately led to his incarceration; (2) the order to show cause failed to inform Hutchings of his right to counsel and his right to present evidence; (3) the State of Utah lacked jurisdiction over Hutchings because it had failed to timely extradite him after his arrest in New York; and (4) Hutchings had received ineffective assistance of counsel by virtue of appointed counsel's failure to discuss the facts of the case and potential legal arguments with Hutchings prior to the probation revocation hearing.

2. Rule 65C of the Utah Rules of Civil Procedure provides for the summary dismissal of post-conviction relief claims that appear frivolous on their face. Utah R. Civ. P. 65C(g)(1).

> A petition is frivolous on its face when, based solely on the allegations contained in the pleadings and attachments, it appears that: (A) the facts alleged do not support a claim for relief as a matter of law; (B) the claims have no arguable basis in fact; or (C) the petition challenges the sentence only and the sentence has expired prior to the filing of the petition.

Utah R. Civ. P. 65C(g)(2).

1998. Significantly, Hutchings did not file a petition for a writ of certiorari.

¶9 Twenty months later, in November 1999, Hutchings filed a rule 65B petition for extraordinary relief with this court. This court reviewed the petition and determined that, although it was filed under rule 65B, it was in substance a petition for post-conviction relief. Accordingly, this court transferred the petition to the district court for post-conviction proceedings consistent with rule 65C.[3] The petition thereby became Hutchings' second petition for post-conviction relief.

¶10 The district court dismissed Hutchings' second petition, whereupon Hutchings, still acting pro se, appealed. The court of appeals affirmed the dismissal by memorandum decision in March 2001. Hutchings subsequently petitioned for a writ of certiorari, which this court granted along with appointment of counsel.

## ANALYSIS

¶11 "On a writ of certiorari, we review the decision of the court of appeals, not that of the district court, and apply the same standard of review used by the court of appeals." *Clark v. Clark*, 2001 UT 44, ¶8, 27 P.3d 538 (citations and quotation omitted). This appeal presents questions of law, which we review for correctness. *Wickham v. Galetka*, 2002 UT 72, ¶7, 61 P.3d 978 ("Generally, an appeal from a judgment on a petition for post-conviction relief raises questions of law reviewed for correctness, giving no deference to the post-conviction court's conclusion." (citation omitted)).

¶12 In this opinion, we review the court of appeals' March 2001 decision affirming the district court's dismissal of Hutchings' second petition for post-conviction relief. Hutchings also asks this court to review the January 1998 decision of the court of appeals affirming the dismissal of his first petition on the theory that his second petition was merely a continuation of the first. We decline this invitation in light of the fact that Hutchings

failed to seek certiorari review of the court of appeals' decision regarding his first petition. Hutchings' filing of an extraordinary writ directly with this court some twenty months after the court of appeals finally adjudicated his first petition is properly characterized as the filing of a second petition, rather than as an appeal regarding the first petition. Accordingly, our review is limited to the issue of whether the court of appeals properly affirmed the trial court's dismissal of Hutchings' second petition for post-conviction relief.

¶13 The court of appeals found section 106 of the Post Conviction Remedies Act, Utah Code Ann. §§ 78–35a–101 to –110 (1996), dispositive of the case. *Hutchings v. State*, 2001 UT App 95U (mem.). Section 78–35a–106(1) precludes a petitioner from seeking relief on any ground that "was raised or addressed at trial or on appeal" or that "could have been but was not raised at trial or on appeal." Utah Code Ann. § 78–35a–106(1)(b), (c). In addition, the section precludes relief based on any ground that "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief." *Id.* § 78–35a–106(1)(d).

¶14 Proceedings in all petitions for relief filed under the Post Conviction Remedies Act are governed by rule 65C of the Utah Rules of Civil Procedure. *Wickham*, 2002 UT 72 at ¶10. Rule 65C complements section 78–35a–106 by providing for the summary dismissal of claims that have already been addressed by the court. Subparagraph (g)(1) of the rule directs the assigned judge to review the petition, and "if it is apparent to the court that any claim has been adjudicated in a prior proceeding, or if any claim appears frivolous on its face, the court shall forthwith issue an order dismissing the claim. . . . Proceedings on the claim shall terminate with the entry of the order of dismissal." Utah R. Civ. P. 65C(g)(1). These summary dismissal procedures were designed to balance the "requirements of fairness and

---

**3.** The transfer conformed to rule 65C, which provides that a proceeding for post-conviction relief is commenced by filing a petition "with the clerk of the district court in the county in which the judgment of conviction was entered." Utah R. Civ. P. 65C(b).

due process against the public's interest in the efficient adjudication of the enormous volume of post-conviction relief cases." *Id.* advisory committee's note.

¶ 15 With this background in mind, we turn to the particular issues Hutchings raises on appeal. For purposes of discussion, we group these claims into three categories. The first category consists of Hutchings' claims that his constitutional and statutory rights were violated in connection with his extradition from New York and the hearing on his parole violations.[4] The second category consists of Hutchings' claim that he was denied his right to a timely parole hearing. The third category consists of Hutchings' claims that he was denied the effective assistance of counsel at his probation revocation hearing, in perfecting his appeal, and in the prosecution of his first petition for post-conviction relief.

[2] ¶ 16 We first examine Hutchings' claims relating to his extradition and the hearing on his parole violations. We find that all of these claims are barred because Hutchings had opportunities to present them on direct appeal from the probation revocation, in the first petition for post-conviction relief, and in the appeal from dismissal of that petition. The court of appeals appropriately affirmed the dismissal of all claims that Hutchings raised, or could have raised, in these previous proceedings.

¶ 17 We next examine Hutchings' claim that he was denied a timely parole hearing. Hutchings argues that because he pled guilty to two second degree felonies, he was entitled to an original parole hearing no later than February 20, 1997—six months from the date of his incarceration. Due to a clerical error, the judgment entered by the district court erroneously reflected guilty pleas for one second degree felony (sexual abuse of a child) and one first degree felony (aggravated sexual abuse of a child). According to Hutchings, the effect of this error was to delay his original parole hearing in violation of Utah Code section 77–27–7.[5] In fact, the Board of Pardons and Parole did not provide Hutchings with a parole hearing until October 1999—nearly three years after his incarceration.[6]

■ ¶ 18 Hutchings' claim regarding the timeliness of his parole hearing did not arise until after the filing of his first petition for post-conviction relief and therefore is not procedurally barred. However, because Hutchings has since received a hearing and was in fact on parole at the time of oral argument, this issue is now moot.[7]

---

4. Specifically, Hutchings asserts that the State of Utah (1) violated his due process rights by failing to comply with sections 10 and 15 of the Uniform Criminal Extradition Act, Utah Code Ann. §§ 77–30–1 to –28 (1999); (2) deprived him of his statutory and due process rights by failing to provide him with timely and complete notice of the charges against him and his rights at the probation revocation hearings; (3) unreasonably delayed in extraditing him; (4) violated the Full Faith and Credit Clause and his constitutional right to protection from double jeopardy; and (5) violated his due process rights by failing to comply with its statutory obligations under the Interstate Compact for Out of State Parolee Supervision Act, Utah Code Ann. §§ 77–27–24 to –30 (1999).

5. Section 77–27–7 states:
 The Board of Pardons and Parole shall determine within six months after the date of an offender's commitment to the custody of the Department of Corrections, for serving a sentence upon a conviction of a felony or class A misdemeanor offense, a date upon which the offender shall be afforded a hear-

ing to establish a date of release or a date for rehearing, and shall promptly notify the offender of the date.
Utah Code Ann. § 77–27–7(1) (1999). Hutchings contends that the error in the judgment led the Board of Pardons and Parole to delay his original parole hearing pursuant to section 77–27–9, which provides that a person committed for aggravated sexual abuse of a child may not be eligible for parole until he or she has served the minimum mandatory sentence imposed by the court. *Id.* § 77–27–9(2)(a).

6. Despite the clerical error in the judgment, Hutchings' sentence correctly reflected his conviction for two second degree felonies, as noted in the court of appeals' decision. *Hutchings,* 2001 UT App 95U.

7. The parties agreed at oral argument that Hutchings was already on parole. We also note that a rule 65C petition is not an appropriate avenue of relief for "actions taken by the Board of Pardons and Parole." *See* Utah Code Ann. § 78–35a–102(2) (1999).

¶ 19 We finally turn to Hutchings' claims of ineffective assistance of counsel. Specifically, Hutchings asserts that counsel at the revocation hearing was ineffective and that he was wrongfully denied counsel for purposes of his appeal from the probation revocation and for his first petition for post-conviction relief.

 ¶ 20 Hutchings' claims with respect to the revocation hearing and the direct appeal fail on procedural grounds because they were, or could have been, raised in Hutchings' first petition. Hutchings' claim that he was wrongfully denied counsel in connection with his first petition for post-conviction relief fails on substantive grounds. While Hutchings may have benefitted from professional assistance in the drafting and presentation of his petition,[8] there is no statutory or constitutional right to counsel in a civil petition for post-conviction relief. Utah Code Ann. § 78-35a-109 (1999) (leaving the appointment of counsel in a petition for post-conviction relief not summarily dismissed to the court's discretion); *Pennsylvania v. Finley*, 481 U.S. 551, 555-56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (explaining that the fundamental fairness mandated by the Due Process Clause does not require states to provide counsel for post-conviction proceedings). Because Hutchings had no right to the assistance of counsel in preparing his first petition, the lack of appointed counsel cannot provide a basis for post-conviction relief.

### CONCLUSION

¶ 21 The court of appeals appropriately affirmed the trial court's dismissal of Hutchings' second petition for post-conviction relief as successive. Most of the claims were, or could have been, raised in prior proceedings and accordingly were precluded by section 106 of the Post Conviction Remedies Act. The remaining claims were properly rejected because they provided no legitimate basis for post-conviction relief.

---

8. In this regard, we note the exceptional work of Hutchings' court-appointed counsel in this proceeding, and we express our appreciation for

¶ 22 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Judge NEHRING concur in Justice Parrish's opinion.

¶ 23 Justice RUSSON did not participate herein; District Judge RONALD E. NEHRING sat.

counsel's willingness to undertake the representation.