2009 UT App 136

**STATE of Utah, Plaintiff and Appellee,**

v.

**James JOHNSTON, Defendant and Appellant.**

**No. 20080422–CA.**

Court of Appeals of Utah.

May 21, 2009.

James Johnston, Gunnison, Appellant Pro Se.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges BENCH, ORME, and DAVIS.

## MEMORANDUM DECISION

BENCH, Judge:

¶ 1 Defendant James Johnston appeals pro se the district court's denial of his motion to correct an illegal sentence pursuant to rule

22(e) of the Utah Rules of Criminal Procedure. We affirm.

¶ 2 Among convictions for several other crimes, Defendant was convicted of one count of sodomy on a child and sentenced to an indeterminate term of six, ten, or fifteen years to life. *See* Utah Code Ann. § 76–5–403.1 (Supp.1996) (amended 2007 & 2008). Defendant's sentence for the sodomy on a child conviction was to run consecutively to the sentences for his other convictions.

¶ 3 Defendant appealed his convictions, and we affirmed. *See State v. Johnston* (*Johnston I*), 2002 UT App 407U, 2002 WL 31720957 (mem.). This court concluded, however, that Defendant's sentence for the sodomy on a child count failed to specify a minimum term of either six, ten, or fifteen years, in violation of Utah Code section 76–3–201(7)(a). *See id.* para. 14; *see also* Utah Code section 76–3–201(7)(a) (2003) (repealed 2007). Accordingly, this court remanded "for the limited purpose of imposing sentence for the sodomy on a child conviction." *Johnston I*, 2002 UT App 407U, para. 14, 2002 WL 31720957.

¶ 4 This court issued its remittitur in February 2003. Defendant was resentenced in September 2005, after having filed several pro se postjudgment motions in the district court. At his resentencing hearing, the district court denied most of Defendant's motions and imposed the lowest minimum term for the sodomy on a child conviction: six years to life. Defendant was not represented by counsel at his resentencing hearing. Defendant did not request the assistance of counsel nor did he affirmatively waive that right.

¶ 5 Defendant appealed again, challenging the denial of his postjudgment motions at the September 2005 resentencing hearing. *See State v. Johnston* (*Johnston II*), 2007 UT App 217U, 2007 WL 1784019 (mem.) (per curiam), *cert. denied*, 186 P.3d 347 (Utah 2007). This court affirmed, concluding that the "remand order specifically remanded the case ... for the limited purpose of imposing sentence for the sodomy on a child conviction." *Id.* paras. 4–5 (internal quotation marks omitted).

¶ 6 Defendant then reasserted the arguments in his postjudgment motions with the district court in the form of a motion to correct an illegal sentence, pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. In April 2008, the district court denied Defendant's rule 22(e) motion, and Defendant filed this appeal. Defendant raises several issues in support of his motion to correct an illegal sentence, four of which we address herein.

## I. Judicial Fact Finding

¶ 7 Defendant argues that his sentence is illegal because he was sentenced by a judge who engaged in unconstitutional judicial fact finding. Further, Defendant claims that the statute under which he was sentenced, Utah Code section 76–3–201(7), is unconstitutional because it permits judicial fact finding. *See* Utah Code Ann. § 76–3–201(7) (2003) (repealed 2007).[1]

¶ 8 This court has previously considered the question of whether section 76–3–201(7) is constitutional. In *State v. Garner*, 2008 UT App 32, 177 P.3d 637, *cert. denied*, 189 P.3d 1276 (Utah 2008), we recognized that "the Sixth Amendment's prohibition on elevating a sentence through judicial fact finding only applies to the elevation of mandatory maximum sentences, not mandatory minimum sentences." *Id.* ¶ 1. This court recognized that Utah's indeterminate sentencing scheme allowed for three ranges of sentences with variable minimums and a fixed maximum. *See id.* ¶ 24. Though judicial fact finding could result in raising or lowering the indeterminate minimum term, "[j]udicial fact finding ... [could not] lead to an elevation of the [fixed] maximum term." *Id.* ¶ 25. Because section 76–3–201(7) permitted judicial fact finding only to

---

1. Utah Code section 76–3–201(7)(a) provided that "[i]f a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime." Utah Code Ann. § 76–3–201(7)(a) (2003) (repealed 2007). Under section 76–3–201(7), a judge and not a jury was permitted to find aggravating or mitigating facts to support imposition of either the lowest or highest minimum term. *See id.*

alter the indeterminate minimum term and did not permit elevation of the fixed maximum term, the statute was held to be constitutional. *See id.* Therefore, there is no constitutional prohibition on judicial fact finding to impose a lower minimum term in an indeterminate sentencing scheme, and Defendant's sentence is legal.

## II. Res Judicata

¶ 9 Defendant next argues that his sentence is illegal because at the September 2005 resentencing hearing, the district court denied his postjudgment motions. This is precisely the issue raised and considered in *State v. Johnston* (*Johnston II*), 2007 UT App 217U, 2007 WL 1784019 (mem.) (per curiam), *cert. denied*, 186 P.3d 347 (Utah 2007), and is now barred by res judicata.[2] "[R]es judicata[ ] precludes the relitigation of all issues [and claims] ... litigated in [a] prior action." *State v. Garner*, 2005 UT 6, ¶ 8, 106 P.3d 729 (third alteration in original) (internal quotation marks omitted). Claim preclusion, a branch of res judicata, has three elements: (1) "both cases must involve the same parties," (2) "the claim ... alleged to be barred must have been presented in the first suit," and (3) "the first suit must have resulted in a final judgment on the merits." *Id.* ¶ 9.

¶ 10 Defendant's appeal in *Johnston II* involved the same parties as this appeal: the State and Defendant. *See* 2007 UT App 217U, 2007 WL 1784019. In *Johnston II*, Defendant appealed, as he does here, the district court's denial of his postjudgment motions at the September 2005 resentencing hearing. *See id.* para. 2. Thus, both appeals involve identical claims. *Johnston II* resulted in a final judgment, affirming the district court. *See id.* paras. 4–5. Because Defendant's current appeal involves identical parties and claims as *Johnston II*, and because *Johnston II* resulted in a final judgment, Defendant's claims relating to the district court's denial of his postjudgment motions at the September 2005 resentencing hearing are barred by res judicata.

## III. Undue Delay and Missing Evidence

¶ 11 Defendant argues that his sentence is illegal because a thirty-month delay between the remittitur after his first appeal and his resentencing hearing violated rule 28(c) of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 28(c). After receiving the remittitur following Defendant's first appeal, the district court had just thirty days to calendar the resentencing hearing. *See id.* Although the thirty-month delay clearly violates rule 28(c), the error did not affect Defendant's "substantial rights" and must "be disregarded." *See id.* R. 30(a).[3]

¶ 12 Defendant claims he was prejudiced by the thirty-month delay because evidence that is now missing could have been presented at his resentencing hearing to prove his innocence.[4] A challenge to an illegal sentence assumes a valid conviction; thus, challenges "concerning the validity of a conviction are not cognizable under rule 22(e)." *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995). "[R]ule 22(e) does not allow an appellate court to review the legality of a sentence when the substance of the appeal is not a challenge to the sentence itself, but to the underlying conviction." *Id.* Because Defendant challenges the legality of his sentence by asserting his innocence, his argument is a collateral attack on the validity of his conviction and is improperly presented as a rule 22(e) motion to correct an illegal sentence.

**2.** Res judicata bars only the narrow question of whether the district court properly denied Defendant's postjudgment motions at the September 2005 resentencing hearing. Res judicata does not bar consideration of the substance of Defendant's motions. Because Defendant refiled his postjudgment motions as his rule 22(e) motion, most of Defendant's substantive claims were considered by the district court in April 2008 and are otherwise treated in this appeal.

**3.** Defendant's substantial rights were not affected by spending those thirty months in prison because he was serving sentences on other convictions.

**4.** The evidence that is now missing is video-taped testimony of Defendant's victims, which was admitted at Defendant's trial. Defendant fails to identify with any specificity any other evidence that may have proven his innocence.

### IV. Denial of Assistance of Counsel

¶ 13 Defendant lastly argues that his sentence is illegal because he was denied the assistance of counsel at his resentencing hearing. Criminal defendants are guaranteed the right to counsel at all critical stages of criminal proceedings, including sentencing. *See State v. Casarez*, 656 P.2d 1005, 1007 (Utah 1982). Assistance of counsel at sentencing is necessary so that there is a real opportunity to present evidence of mitigating circumstances. *See Kuehnert v. Turner*, 28 Utah 2d 150, 499 P.2d 839, 840–41 (1972). Typically, if a defendant is denied the assistance of counsel at sentencing, the matter may be remanded to correct the error. *See id.* at 841.

¶ 14 On the specific facts of this case, however, remand is unnecessary because it is impossible for Defendant to receive a more favorable sentence. *See State v. Neal*, 1 Utah 2d 122, 262 P.2d 756, 759 (1953) (although counsel was absent at sentencing, remanding for resentencing would be a "useless formality" that would produce an identical result because the assigned penalty was mandatory). Assistance of counsel at yet another sentencing hearing would not fulfill the purpose of having counsel present to introduce mitigating evidence because Defendant was given the lowest sentence available. Because it is impossible for Defendant to receive a more favorable sentence, the fact that he did not receive the assistance of counsel at his resentencing hearing is harmless beyond a reasonable doubt. *See State v. Alfatlawi*, 2006 UT App 511, ¶ 17 n. 1, 153 P.3d 804.

¶ 15 For the reasons indicated, the district court properly denied Defendant's motion to correct an illegal sentence. Accordingly, we affirm.

¶ 16 WE CONCUR: GREGORY K. ORME and JAMES Z. DAVIS, Judges.