2011 UT App 11

**Gino VELARDE, Petitioner and Appellant,**

v.

**Alfred BIGELOW, Warden, Respondent and Appellee.**

**No. 20100900–CA.**

Court of Appeals of Utah.

Jan. 13, 2011.

Sixth District, Manti Department, 100600266; The Honorable Wallace A. Lee.

Gino Velarde, Gunnison, Appellant Pro Se.

Before Judges DAVIS, McHUGH, and ROTH.

**MEMORANDUM DECISION**

PER CURIAM:

¶ 1 Gino Velarde appeals the district court's order dismissing his petition for an extraordinary writ without prejudice. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 A petition for an extraordinary writ may be granted only "where no other plain, speedy, and adequate remedy is available." Utah R. Civ. P. 65B(a); *see also Ogden City Corp. v. Adam,* 635 P.2d 70, 71 (Utah 1981). When filing a petition for an extraordinary writ, the petitioner shall "attach to the petition a copy of the pleadings filed by the petitioner in any prior proceeding that adjudicated the legality of the restraint." Utah R. Civ. P. 65B(b)(3).

¶ 3 Velarde's petition for an extraordinary writ sought review of administrative grievance proceedings regarding his conditions of confinement. The district court dismissed Velarde's petition without prejudice because Velarde failed to attach copies of the necessary documents arising from prior proceedings adjudicating the legality of his restraint. *See id.* The district court also determined

That motion is denied as moot.

that Velarde failed to comply with rule 65B(b)(4) by setting forth his arguments in a separate memorandum. *See id.* R. 65B(b)(4).

¶4 Velarde fails to demonstrate that the district court erred by dismissing his petition for an extraordinary writ without prejudice due to his failure to comply with the requirements of rule 65B(b). Because the district court dismissed the petition without prejudice, Velarde may re-file the petition with a separate memorandum containing his legal arguments and attaching the relevant documents arising from "any prior proceeding that adjudicated the legality of the restraint." *Id.* R. 65B(b)(3).

Affirmed.[1]

---

1. Velarde also requests appointed counsel to assist him with his post-conviction petition. However, there is no statutory or constitutional right to counsel in a post-conviction proceeding. *See Hutchings v. State,* 2003 UT 52, ¶20, 84 P.3d 1150. Accordingly, the request for appointed counsel is denied.