IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Alapati Paul Schwenke, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110753-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| State of Utah, | ) | (January 20, 2012) |
| | ) | |
| Respondent and Appellee. | ) | 2012 UT App 18 |
| | ) | |

-----

Fourth District, Fillmore Department, 110700044
The Honorable Donald J. Eyre, Jr.

Attorneys:    Alapati Paul Schwenke, Draper, Appellant Pro Se

-----

Before Judges McHugh, Thorne, and Christiansen.

¶1    Alapati Paul Schwenke seeks to appeal the district court's July 29, 2011 ruling and October 6, 2011 order summarily dismissing Schwenke's amended petition for post-conviction relief. This matter is before the court on a sua sponte motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings and consideration by this court, as well as Schwenke's own motion for summary reversal.[1]

---

[1] The court originally issued a sua sponte motion for summary disposition based upon lack of a final appealable order. However, Schwenke subsequently obtained a final order on October 6, 2011, which operated to confer appellate jurisdiction to this

(continued...)

¶2     In his motion for summary reversal Schwenke argues that portions of the Post-Conviction Remedies Act are unconstitutional.  Specifically, he claims that Utah Code section 78B-9-104, which sets forth the grounds upon which post-conviction relief may be based, is unconstitutional because it unfairly limits a person's right to seek relief from wrongful imprisonment.  However, Schwenke never raised this argument in the district court.  Accordingly, the argument was not preserved for appellate review.  *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (stating that generally "claims not raised before the trial court may not be raised on appeal").

¶3     Schwenke complains also that he was not afforded the right to effective assistance of counsel in the post-conviction proceeding.  In the first instance, there is no statutory or constitutional right to counsel in a post-conviction proceeding.  *See Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150.  As such, he had no right to effective appointed counsel in this proceeding.  Second, while there is an anomalous order in the record granting Schwenke's request for appointment of counsel, after entry of the order Schwenke continued to file all pleadings on a pro se basis.  A "defendant may choose self-representation or the assistance of counsel, but is not entitled to a 'hybrid representation' where he could both enjoy the assistance of counsel and file pro se motions."  *State v. Wareham*, 2006 UT App 327, ¶ 33, 143 P.3d 302.  By continuing to file all documents pro se, he chose to represent himself instead of being represented by appointed counsel.  Accordingly, Schwenke's right to effective assistance of counsel was not violated.

¶4     Schwenke asserts that the district court erred in dismissing his amended petition for post-conviction relief as frivolous on its face.  Specifically, Schwenke argues that because the district court allowed Schwenke to amend his original petition for post-conviction relief rather than dismissing the petition as frivolous, the district court had already implicitly ruled that the claims were not frivolous.  Accordingly, Schwenke argues that the district court should have required the State to respond to the petition.  This is not the case.  The district court found a technical defect in Schwenke's original petition for post-conviction relief that needed to be corrected before the district court could review the merits of the petition.  More particularly, the original petition failed to

---

[1](...continued)
court.

state whether his conviction had been reviewed on appeal, "and if so, the number and title of the appellate proceeding, the issues raised on appeal, and the results of the appeal." Utah R. Civ. P. 65C(d)(4). The district court allowed Schwenke to correct this procedural defect rather than dismissing the petition prior to reviewing its merits. Accordingly, the district court did not err when it later reviewed the amended petition to determine whether it was frivolous. *See id.* R. 65C(h)(1) (requiring the district court to review a petition to determine whether it is frivolous on its face prior to service on the State).

¶5    Schwenke next argues that the district court erred in limiting any claims set forth in his petition for post-conviction relief to those that were based upon ineffective assistance of counsel and newly discovered evidence. Utah Code section 78B-9-104 sets forth the grounds upon which a petitioner may seek post-conviction relief. *See* Utah Code Ann. § 78B-9-104(1) (Supp. 2011). Such grounds, which include claims based upon ineffective assistance of counsel and newly discovered evidence, are the sole grounds upon which a petitioner may obtain relief under the Post-Conviction Remedies Act.[2] *See Gardner v. State*, 2010 UT 46, ¶ 62, 234 P.3d 1115 (stating that if a claim is procedurally proper, "relief may be granted on one of the specific grounds set forth in the [Post-Conviction Remedies Act]"). Contrary to Schwenke's argument, the district court did not limit his claims to those based solely on ineffective assistance of counsel and those based on newly discovered evidence. Instead, the court limited his claims to those allowed by the Post-Conviction Remedies Act, which included those two grounds. While the court did refer solely to those two grounds when discussing one of Schwenke's claims, it was only after the court determined that such claim could have been raised at trial or on appeal. *See* Utah Code Ann. § 78B-9-106(1)(c)-(d) (Supp. 2011). Further, Schwenke never articulated how such claim fit within any of the other grounds for relief allowed by the Post-Conviction Remedies Act. Thus, the district court correctly limited Schwenke's claims to those allowed by the act.

¶6    Finally, the Post-Conviction Remedies Act precludes any relief on the other issues Schwenke raises in this appeal. A petitioner is not eligible for relief under the Post-Conviction Remedies Act upon any ground that "was raised or addressed at trial

---

[2]The Post-Conviction Remedies Act has different parts addressing claims of actual innocence and post-conviction testing of DNA, which encompass different pleading requirements. *See* Utah Code Ann. §§ 78B-9-301, -401 (Supp. 2011).

or on appeal" or "could have been raised but was not raised at trial or on appeal." *Id.* Accordingly, Schwenke is precluded from obtaining any relief on his claims that he was not guilty as a matter of law and that the evidence was insufficient to support his conviction, because these claims either were raised or could have been raised at trial or on appeal. Further, his claim that certain witnesses perjured themselves is a claim that should have been raised at trial or on appeal. Schwenke supports these claims solely with citations to the underlying record. As such, these claims should have been known to him during trial and on appeal and could have been raised at that time. Therefore, all such claims are precluded by Utah Code section 78B-9-106.

¶7     Schwenke's claim that he was provided ineffective assistance of counsel during his trial is similarly precluded. First, Schwenke represented himself during trial and on appeal. Accordingly, Schwenke cannot base his post-conviction claims on his own ineffectiveness as counsel. *See State v. Frampton*, 737 P.2d 183, 187 (Utah 1987) (stating that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'"). To the extent that he complains about the actions of his original court-appointed attorney prior to representing himself at trial, all such allegations of ineffectiveness were known to Schwenke at the time of trial and during appeal. Accordingly, they could have been raised at that time. For these reasons, Schwenke was not entitled to relief for ineffective assistance of counsel under the Post-Conviction Remedies Act.

¶8     Accordingly, we affirm.


_____
Carolyn B. McHugh,
Presiding Judge



_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge