IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| ElRoy Tillman, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20100994-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 12, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 289 |
| Respondent and Appellee. | ) | |

-----

Third District, Salt Lake Department, 090921863
The Honorable Randall N. Skanchy

Attorneys:     ElRoy Tillman, Draper, Appellant Pro Se
               Mark L. Shurtleff and Thomas B. Brunker, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Christiansen.

McHUGH, Judge:

¶1      ElRoy Tillman appeals from the denial of postconviction relief from his 1983 conviction of capital murder.[1] *See* Utah Code Ann. § 76-5-202 (1978) ("Murder in the first degree") (current version at *id.* (Supp. 2012) ("Aggravated murder")).[2] We affirm.

¶2      Tillman was charged by information with capital murder for the May 26, 1982 killing of Mark Schoenfeld. *See State v. Tillman* (*Tillman I*), 750 P.2d 546, 550 (Utah 1987). Schoenfeld's body was found "lying on a smoldering bed . . . [and] badly burned" from an intentionally-set fire, and further examination revealed that he had "received several severe blows to the head." *Id.* "[T]he primary cause of death was asphyxiation" from the fire, but the evidence also indicated that Schoenfeld could have suffered "fatal brain damage" from the blows. *Id.* The information included burglary or aggravated burglary as aggravating factors to support the capital murder charge.[3] However, the State

---

[1]The supreme court, which has original jurisdiction over capital and first degree felony cases, transferred jurisdiction to this court under Utah Code Ann. § 78A-3-102 (Supp. 2012). Although the supreme court may not transfer appeals of capital convictions to the court of appeals, *see id.* § 78A-3-102(4)(a), it vacated Tillman's death sentence and remanded to the trial court for resentencing. Tillman's post conviction petition after resentencing is properly before this court because his murder conviction is not classified as a capital felony under current law. *Cf. State v. Doung*, 813 P.2d 1168, 1169 (Utah 1991) ("[T]he appeal lies in the court having jurisdiction of the degree of crime recorded in the judgment of conviction and for which defendant is sentenced, rather than the degree of crime charged in the information or found in the verdict.").

[2]Aggravated murder was previously labeled "[m]urder in the first degree" and classified as a "capital offense," regardless of the penalty sought. *See* Utah Code Ann. § 76-5-202(2) (1978). Under the current statute, aggravated murder is a capital felony only if the State pursues the death penalty. *See id.* § 76-5-202(3)(a) (Supp. 2012).

[3]An aggravating factor is a "fact or situation that increases the degree of liability or culpability for a criminal act." *Black's Law Dictionary* 227 (9th ed. 2009). When Tillman was charged, the degree of liability for criminal homicide increased to capital murder if the "homicide was committed while the actor was engaged in the commission of" certain enumerated crimes, including "aggravated arson, arson, aggravated burglary, [or] burglary." Utah Code Ann. § 76-5-202(1)(d) (1978) (current version at *id.* (Supp.

(continued...)

amended the information at the preliminary hearing to add "arson or aggravated arson" as aggravating factors. The amended information did not list the elements of the aggravating crimes. After a trial held in 1983, the jury convicted Tillman of capital murder and sentenced him to death. *See id.* at 551. The Utah Supreme Court affirmed Tillman's conviction and death sentence in 1987. *See id.* at 577.

¶3     Tillman filed his first petition for postconviction relief in 1988. In it, he claimed that the original information was "defective on its face" because it did not "specifically" charge him with any of the aggravating crimes and because the amendment compounded "the defects of the already defective information." Additionally, Tillman claimed that there was insufficient evidence to support the conviction because his accomplice (Accomplice) had provided the bulk of the State's case against him. The district court denied Tillman's petition and he appealed. The supreme court affirmed the district court's denial of Tillman's first postconviction petition. *See Tillman v. Cook* (*Tillman II*), 855 P.2d 211, 222 (Utah 1993). In particular, the court held that there was sufficient evidence to support the arson and burglary aggravating factors, *see id.* at 218–20; that the addition of the arson aggravator was not prejudical error, *see id.* at 215–16; and that neither Tillman's trial counsel nor his appellate counsel were constitutionally deficient, *see id.* at 220–22.

¶4     Tillman filed a federal petition for habeas corpus in 1994, the denial of which was affirmed by the Tenth Circuit Court of Appeals. *See Tillman v. Cook*, 215 F.3d 1116, 1133 (10th Cir. 2000). While the federal petition was pending, Tillman filed a second state postconviction action in 1995, which was dismissed by the Utah Supreme Court because his claims were procedurally barred.

¶5     Tillman challenged his conviction and sentence in a third state postconviction petition in 2001. The third petition was based on newly discovered evidence in the form of partial transcripts of interviews with Accomplice. The district court affirmed Tillman's conviction but vacated his death sentence due to the State's failure to provide

---

[3](...continued)
2012)).

him the transcripts before trial.[4] *See Tillman v. State* (*Tillman III*), 2005 UT 56, ¶ 12, 128 P.3d 1123. The State appealed the vacation of Tillman's death penalty and the Utah Supreme Court affirmed. *See id.* ¶¶ 13, 94. Tillman was resentenced to a prison term of five years to life. However, on October 1, 2009, the Utah Board of Pardons and Parole issued an order that Tillman serve "Natural Life in Prison." Tillman filed a federal civil rights complaint challenging that decision. The federal district court dismissed that complaint for failing to state a proper claim for relief, and the Tenth Circuit affirmed that decision. *See generally Tillman v. Bigelow*, 2012 WL 3262835 (10th Cir. 2012).

¶6      Tillman filed the fourth and current state petition for postconviction relief without the assistance of counsel on December 21, 2009, raising eight challenges to his 1983 conviction. The district court declined to hold an evidentiary hearing and granted the State's motion for summary dismissal, ruling that each claim was time or procedurally barred. Tillman now appeals, requesting that he either be given a new trial or have his sentence reduced. "'We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law.'" *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (quoting *Taylor v. State*, 2007 UT 12, ¶ 13, 156 P.3d 739). Additionally, Tillman asserts that the district court erred in denying his motion for appointment of counsel. Because "the appointment of counsel in a petition for post-conviction relief not summarily dismissed [is left] to the court's discretion," we review the district court's decision for abuse of discretion. *See Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150 (citing Utah Code Ann. § 78-35a-109 (1999) (current version at *id.* § 78B-9-109(1) (2008))).

## I. Notice

¶7      On appeal, Tillman first argues that the amended information was invalid because it did not list the elements of the aggravating crimes included to support the capital murder charge. Tillman asserts that by not listing the elements of burglary, aggravated burglary, arson, or aggravated arson, the State deprived him of notice of the charges against him and also divested the court of jurisdiction to prosecute him. We agree with the district court that Tillman's challenge to his conviction based on inadequate notice (the Notice Claim) is both time barred and procedurally barred under

---

[4]Tillman did not appeal the district court's decision affirming his conviction.

the Post Conviction Remedies Act (the PCRA). *See* Utah Code Ann. §§ 78B-9-101 to -405 (2008 & Supp. 2012).

¶8    To be timely, a petition for postconviction relief must be filed within one year of the accrual of the cause of action. *See* Utah Code Ann. § 78B-9-107(1) (2008). Under the PCRA, Tillman's cause of action would have accrued on May 24, 1988, which was the last day that he could have petitioned for writ of certiorari to the United States Supreme Court after his 1983 conviction was affirmed by the Utah Supreme Court. *See id.* § 78B-9-107(2)(c). However, Utah adopted the PCRA in 1996, *see id.* § 78B-9-103, which the State concedes reset the accrual date of his cause of action. Therefore, the State argues that Tillman's petition had to have been filed within one year of the PCRA's July 1, 1996 effective date. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 412 n.2 (2005) ("[P]etitioners whose convictions became final before the enactment of [the federal postconviction act's] statute of limitations . . . have until one year from the enactment of the habeas statute of limitations to file their petitions." (citation and internal quotation marks omitted). Although Tillman does not dispute the accrual date of his cause of action, he asserts that the PCRA's statute of limitations should not apply because the amended information was defective, thereby depriving the court of jurisdiction.

¶9    In support, Tillman cites cases in which a defendant's conviction was reversed on direct appeal due to a defective information or indictment. *See, e.g., State v. Topham*, 123 P. 888, 891–92 (Utah 1912) (requiring that an information contain specific allegations such that "the court could judge whether the accused should have been put upon trial, and that she might then know what she was to defend against"); *People v. Hill*, 3 P. 75, 78 (Utah 1884) (stating that under territorial law, an indictment was "sufficient if the charge [was] stated with so much certainty that the defendant [knew] what he [was] called upon to answer, and the court how to render judgment"). None of these decisions purports to examine the time in which a challenge to a defective information can be made under the PCRA or states an exception to the general rule that "defenses and objections based on defects in the . . . information" must be raised no later than "five days prior to the trial." Utah R. Crim. P. 12(c)(1)(A); *see also State v. Hall*, 671 P.2d 201, 202 (Utah 1983) (per curiam) (declining to review an unpreserved challenge to an allegedly defective information); *Sherratt v. State*, 2010 UT App 167U, para. 2 (per curiam) ("It is well-settled law in Utah that any challenge to an allegedly defective information must be raised before trial."). Additionally, Tillman has pointed us to no language in the PCRA or controlling precedent providing for an exception to the

PCRA's statute of limitations for jurisdictional claims. Thus, Tillman's challenge to his conviction based on the Notice Claim is time barred.[5]

¶10    The district court also properly concluded that the Notice Claim is procedurally barred. The PCRA precludes review of any claim that has or could have been previously raised at trial, on appeal, or in a prior postconviction petition. *See* Utah Code Ann. § 78B-9-106(1)(b)–(d) (Supp. 2012). In the present petition, Tillman alleges that the amended information's failure to list the elements of the burglary and arson aggravators unconstitutionally deprived him of notice of the crime charged. Although Tillman has raised notice claims before, he asserts that his current claim is different because he now asserts that the deficiencies in the amended information rendered him unable to "know[] if he committed the crimes of burglary and arson." However, the current petition's Notice Claim is barred by the PCRA because all of the issues either were, or could have been, raised in his direct appeal or in a prior postconviction petition. *See id.* § 78B-9-106(1).

¶11    In his first petition for postconviction relief, Tillman alleged that the amended information gave him inadequate notice because it was amended at the preliminary hearing to add arson and aggravated arson as aggravating factors, because it included attempt crimes, and because it charged multiple crimes. *See Tillman II,* 855 P.2d 211, 214–16 (Utah 1993). The first postconviction court rejected those claims. *See id.* at 213–14. The Utah Supreme Court affirmed because Tillman had shown no prejudice and because his "attorneys had more than three months after the amendment to prepare a defense to the additional aggravating circumstances alleged." *See id.* at 215–16, 222.

---

[5]Tillman further argues in his reply brief that his petition is not time barred because rule 22(e) of the Utah Rules of Criminal Procedure allows for an illegal sentence to be corrected at any time. However, rule 22(e) is inapplicable to Tillman's challenge to his conviction because it "assumes a valid conviction" and applies only to the review of a sentence. *See State v. Johnston,* 2009 UT App 136, ¶ 12, 210 P.3d 973 (mem.). Additionally, we decline to consider arguments raised for the first time in reply briefs. *See generally In re E.R.,* 2001 UT App 66, ¶ 15, 21 P.3d 680 (citing rule 24(c) of the Utah Rules of Appellate Procedure in declining to review an issue raised for the first time in the reply brief).

¶12    Even assuming that the current Notice Claim differs from those previously raised by Tillman, he could have raised the allegedly new claim on direct appeal or in any of his three previous postconviction petitions. Tillman has identified no facts about the charging information that he did not know when he filed his direct appeal in 1983 or when he filed his first petition for postconviction relief in 1988. *See* Utah Code Ann. § 78B-9-106; *cf. Rudolph v. Galetka*, 2002 UT 7, ¶ 5, 43 P.3d 467 ("Any issues that were not addressed on direct appeal but could have been raised may not be raised for the first time in a post-conviction relief proceeding absent unusual circumstances."). Thus, Tillman's Notice Claim is procedurally barred.

## II. *Brady* Evidence

¶13    Tillman next argues that his conviction should be overturned because the evidence of the interviews with Accomplice that led to the commutation of his death sentence was improperly suppressed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (the *Brady* Claim). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Years after Tillman's trial, partial transcripts of the polygraph interviews with Accomplice were found in one of the prosecutor's case files. Neither the transcripts, nor recordings of the interviews, had been disclosed previously to Tillman. *See Tillman III*, 2005 UT 56, ¶¶ 5, 24, 128 P.3d 1123. Tillman asserts that, before his 1983 trial, the prosecutor was aware that the interviews had been recorded and therefore "knowingly and intentionally" suppressed the evidence in violation of *Brady*. Tillman further alleges that the interviews disprove the arson and aggravated arson aggravating factors. Again, Tillman's claim is both time barred and procedurally barred.

¶14    Even assuming that the partial transcripts were newly discovered in May 2001 when the State provided them to Tillman, he has waited too long to assert his *Brady* Claim. Under the PCRA, Tillman had one year to file his petition from the date he "knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based." *See* Utah Code Ann. § 78B-9-107(1), (2)(e) (2008). Upon receipt of the transcripts, Tillman was aware of all the information necessary to advance his claims. Thus, to be timely, his petition based on this evidence was due by May 2002. *See id*. Because Tillman did not file the current petition until 2009, the district court correctly held that the *Brady* Claim is time barred.

¶15    The *Brady* Claim is also procedurally barred because Tillman already relied on the State's failure to produce the transcripts as the basis for his 2001 petition for postconviction relief. In that petition, Tillman argued that there is a reasonable probability that if the transcripts had been disclosed before trial, the outcome would have been different at both the guilt and penalty phases because the defense would have conducted a more probing cross-examination of Accomplice. Tillman did not, but could have, raised the claim that the transcripts prove that he did not commit arson or aggravated arson at that time. Furthermore, the postconviction court vacated Tillman's death sentence, but affirmed his capital murder conviction. *See Tillman III*, 2005 UT 56, ¶¶ 10, 12. Tillman did not appeal the denial of his petition with regard to his conviction; the State appealed the vacation of his death sentence. *See id.* ¶ 13. The supreme court affirmed the postconviction court's commutation of the death sentence and ordered that Tillman be resentenced. *See id.* ¶ 92. At no time during these proceedings did Tillman advance the current argument that the transcripts prove that he is not guilty of arson or aggravated arson. Because Tillman could have done so, his claim is procedurally barred. *See* Utah Code Ann. § 78B-9-106(1)(d) (Supp. 2012).

¶16    Additionally, a prior postconviction proceeding determined that Tillman cannot meet the showing of "prejudice" necessary to prevail on the *Brady* Claim. *See Tillman III*, 2005 UT 56, ¶ 28. In response to Tillman's third postconviction petition, the district court ruled that the transcripts would have provided Tillman with favorable impeachment evidence and that the State either knew or should have known of their existence at the time of Tillman's trial. However, the district court distinguished between the guilt phase and penalty phase of Tillman's trial in assessing the harm caused by the failure to produce the transcripts. The district court ruled that while the lack of the evidence prejudiced Tillman's sentence, it was "unconvinced that a different outcome of the guilt phase of the trial would have resulted even if the additional impeachment evidence had been known and utilized by defense counsel." The same conclusion is appropriate here. Even if Tillman would have been acquitted of arson or aggravated arson based on the transcripts, the Utah Supreme Court has previously held that there was sufficient "[u]ncontroverted evidence . . . that Tillman secretly entered Schoenfeld's house with the intent to kill the victim. Clearly, the jury had adequate evidence upon which to conclude that Tillman committed burglary." *Tillman II*, 855 P.2d 211, 219 (Utah 1993). Thus, the Supreme Court has already considered and rejected a challenge to Tillman's conviction based on the failure of arson as an aggravating factor. His attempt to raise the same issue here is procedurally barred.

### III. Ineffective Assistance of Counsel

¶17    Tillman also asserts that over "the last 23 years" generally, and specifically at his 2005 resentencing, his court-appointed counsel was ineffective for failing to object to the amendment of the information before his 1983 trial and for failing to "demand[]" a new trial. Tillman's claim is time barred.

¶18    Tillman had one year from "the date on which [he] knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based" to file his ineffective assistance of counsel claim. *See* Utah Code Ann. § 78B-9-107(2)(e) (2008). Tillman was resentenced in 2005 and knew at that time that his counsel did not demand a new trial based on the transcripts or the amended information. Thus, Tillman should have appealed by 2006, and the current petition is untimely. To the extent that Tillman challenges his counsel's effectiveness generally over "the last 23 years" for failing to demand a new trial based on the charging information, his claim is procedurally barred. *See id.* § 78B-9-106(1) (Supp. 2012). The Utah Supreme Court has previously rejected Tillman's claim of ineffective assistance of counsel, and further allegations of deficient performance by counsel could have been brought in the prior postconviction proceedings. *See Tillman II*, 855 P.2d at 221 ("In light of our conclusion that the amendment to the information was not prejudicial, failure to object could not constitute ineffective assistance.").

### IV. Evidentiary Hearing

¶19    Tillman further argues that the district court erred in denying his request for an evidentiary hearing on the issues raised in his fourth postconviction petition. However, the district court's actions are consistent with the procedural rules governing postconviction remedies.

¶20    Rule 65C of the Utah Rules of Civil Procedure provides that the assigned judge "shall review the petition" and "shall" summarily dismiss a claim for postconviction relief if "it is apparent to the court that [the] claim has been adjudicated in a prior proceeding" or if the "the facts alleged do not support a claim for relief as a matter of law." *See* Utah R. Civ. P. 65C(h)(1), (2)(A). Consistent with that mandate, the district court reviewed Tillman's petition and determined that Tillman's claims were all time or procedurally barred. *See* Utah Code Ann. § 78B-9-106(1)(b)–(d) (Supp. 2012); *id.* § 78B-9-

107(1) (2008); *id.* § 78B-9-106(1)(e) (Supp. 2012). Therefore, the PCRA required the district court to dismiss Tillman's fourth petition for postconviction relief summarily and to terminate all proceedings on the claim. *See* Utah R. Civ. P. 65C(h)(1).

¶21    Rule 65C is consistent with the PCRA. *See id.* Under the rule, the respondent is required to answer and the court is instructed to "promptly set the proceeding for a hearing or otherwise dispose of the case," *see id.* R. 65C(k), (l), only if there are claims in the petition that survive the mandatory initial review, *see id.* R. 65C(h). We have affirmed the district court's dismissal of each of the claims in Tillman's fourth petition. Thus, the district court did not err in dismissing Tillman's petition without first holding a hearing.

## V. Court-Appointed Counsel

¶22    Finally, Tillman argues that the district court erred in denying his request for court-appointed counsel. Unless a defendant has been sentenced to death,[6] "there is no statutory or constitutional right to counsel in a post-conviction proceeding." *Schwenke v. State*, 2012 UT App 18, ¶ 3, 269 P.3d 1004 (per curiam) (citing *Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150). The PCRA specifically indicates that "[i]f any portion of the petition is not summarily dismissed, the court *may* . . . appoint counsel on a pro bono basis . . . ." Utah Code Ann. § 78B-9-109(1) (2008) (emphasis added). Because all of Tillman's claims were summarily dismissed, the PCRA does not provide for the discretionary appointment of counsel. Even assuming the absence of that limitation, our supreme court has recognized that the Utah Legislature "leav[es] the appointment of counsel in a petition for post-conviction relief not summarily dismissed to the court's discretion." *See Hutchings*, 2003 UT 52, ¶ 20 (citing Utah Code Ann. § 78-35a-109 (1999) (current version at *id.* § 78B-9-109 (2008)). The district court did not exceed its discretion by declining to appoint counsel to represent Tillman in his fourth state petition for

---

[6]Indigent defendants who have been sentenced to death have a statutory right to appointment of counsel in postconviction proceedings. *See* Utah Code Ann. § 78B-9-202(2) (Supp. 2012); Utah R. Crim. P. 8(e).

postconviction relief, which the district court correctly concluded contained only claims that were procedurally or time barred.

¶23    For the reasons stated above, we affirm Tillman's conviction and sentence.

_____

Carolyn B. McHugh, Judge

-----

¶24    WE CONCUR:

_____

William A. Thorne Jr., Judge

_____

Michele M. Christiansen, Judge