FILED
United States Court of Appeals
Tenth Circuit

June 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELROY TILLMAN,

      Petitioner - Appellant,

v.

STATE OF UTAH,

      Respondent - Appellee.

No. 21-4040
(D.C. No. 2:19-CV-00374-CW)
(D. Utah)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BACHARACH**, **MURPHY,** and **CARSON**, Circuit Judges.

---

Elroy Tillman, a Utah state prisoner proceeding *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this court on his request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding under § 2241). Because Tillman has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. 28 U.S.C. § 2253(c)(2).

A Utah state jury found Tillman guilty of first-degree murder and sentenced him to death. *State v. Tillman*, 750 P.2d 546, 550 (Utah 1987). His conviction and death sentence were affirmed on direct appeal. *Id.* at 577 (Stewart, J., concurring); *id.* at 582-83 (Howe, J., concurring). On post-conviction review, however, the state trial court set aside Tillman's death sentence and ordered that he be resentenced. The Utah Supreme Court affirmed. *Tillman v. State*, 128 P.3d 1123, 1145-46 (Utah 2005). Tillman was eventually resentenced to an indeterminate[1] prison term of five years to life. *Tillman v. State*, 288 P.3d 318, 321 (Utah Ct. App. 2012). In 2009, the Board ordered that "Tillman serve 'Natural Life in Prison.'" *Id.*

Tillman filed the instant § 2241 petition in 2019. In his petition, Tillman asserted the decision of the Board that he serve a natural-life sentence violates the provisions of Utah Code Ann. § 76-3-401(8). According to Tillman, § 76-3-401(8) requires the Board to treat his life sentence as a term of thirty years. In response, Utah argued the claim raised in Tillman's petition was unexhausted; raised a mere issue of state law, rather than a claim arising under the United States Constitution; and, in any event, failed on the merits. In a

---

[1]For a general description of Utah's indeterminate sentencing scheme and the Utah Board of Pardons and Parole's (the "Board") role therein, see *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1212-13 (10th Cir. 2009) (describing Utah's indeterminate sentencing scheme and concluding it is consistent with the requirements of the Due Process Clause).

concise, but entirely thorough, order, the district court dismissed Tillman's petition. The court concluded Tillman's § 2241 petition failed because it was based entirely on an alleged violation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction [or sentence] violated the Constitution, laws, or treaties of the United States."). The district court concluded the same result would apply even if Tillman's petition and pleadings could be read as attempting to treat his state-law claim as arising under the Due Process Clause. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) ("[A] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label. Otherwise, every erroneous decision by a state court on state law would come [to the federal court] as a federal constitutional question." (quotation omitted)).

A COA may issue only if Tillman "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). Tillman has failed to make the requisite showing. The district court's denial of his § 2241

-3-

petition is indisputably correct. Furthermore, all of the additional issues raised in Tillman's brief on appeal fall outside the parameters of § 2241. Instead, they amount to challenges to the validity of his conviction and sentence, rather than the execution of the sentence, and must be brought in a 28 U.S.C. § 2254 proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). And, as this court made clear in *Tillman v. Bigelow*, 672 F. App'x 803, 804 (10th Cir. 2016), the time for bringing a § 2254 petition has long expired. Thus, for substantially those reasons set out in the district court's order of dismissal dated March 8, 2021, this court **DENIES** Tillman's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge