**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELROY TILLMAN,

      Plaintiff-Appellant,

v.

ALFRED C. BIGELOW, Warden of Utah
State Prison; CURTIS L. GARNER,
Chairman of Board of Pardons and Parole,

      Defendants-Appellees.

No. 12-4026

(D.C. No. 2: 11-CV-00041-DAK)
(D. Utah)

---

**ORDER**

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

On July 11, 2012, the court issued its Order and Judgment in connection with this appeal, affirming the judgment of the U.S. District Court for the District of Utah. Appellant filed a petition seeking rehearing that included a request for rehearing en banc.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the petition seeking rehearing en banc is also denied pursuant to Fed. R. App. P. 35.

The panel on further review, and on its own motion, grants panel rehearing to add additional explication to its rulings. The court's previous Order and Judgment is

withdrawn. Contemporaneously with the entry of this order, the court is issuing a revised Order and Judgment that replaces the July 11, 2012 entry. Although modified from the previous entry, this revised Order and Judgment reaches the same result. Having once sought rehearing, appellant is precluded from filing a second petition seeking rehearing from this revised Order and Judgment.

The clerk shall docket this order and the revised Order and Judgment accordingly.

Entered for the Court
Elisabeth A. Shumaker, Clerk


Douglas E. Cressler, Chief Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

August 7, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ELROY TILLMAN,

      Plaintiff-Appellant,

v.

ALFRED C. BIGELOW, Warden of Utah
State Prison; CURTIS L. GARNER,
Chairman of Board of Pardons and Parole,

      Defendants-Appellees.

No. 12-4026

(D.C. No. 2: 11-CV-00041-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Plaintiff Elroy Tillman, a Utah state prisoner, appeals from the district court's

---

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of his 42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 1983, Tillman was convicted by a Utah state jury of capital murder and sentenced to death. In 2001, Tillman filed a petition for state post-conviction relief alleging that the State of Utah had violated his right to due process under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose evidence favorable to him. Although the state district court concluded that the violation was insufficient to warrant a reversal of Tillman's conviction, it "was persuaded that the probability of prejudice resulting from the undisclosed [evidence] was sufficiently high to undermine [its] confidence in the death sentence imposed" on Tillman. Tillman v. State, 128 P.3d 1123, 1128 (Utah 2005). Accordingly, the state district court vacated Tillman's death sentence and ordered a new sentencing proceeding. On December 23, 2005, Tillman was resentenced to life imprisonment.

On February 24, 2009, Tillman appeared for the first time before the Board of Pardons and Parole of the State of Utah (the Board). The Board subsequently issued a decision on October 1, 2009, ordering that Tillman "serve Natural Life in Prison." ROA, Vol. 1, at 34. The decision expressly noted that it "[wa]s subject to review and modification by the Board . . . at any time until actual release from custody." Id.

On January 13, 2011, Tillman, appearing pro se and proceeding in forma pauperis, filed a civil rights complaint pursuant to § 1983 alleging that the Board acted illegally by

2

converting his sentence from life imprisonment with the possibility of parole to a "natural life prison sentence." Id. at 18 (internal quotation marks omitted). Tillman's complaint, in its request for relief, asked the federal district court to overturn the Board's 2009 decision, award him a new parole hearing, and direct the Board to "fix the ex-act [sic] number of years that [he] would have to serve on his 2009 intereminate [sic] sentence of 'life imprisonment with the possibility of parole . . . ." Id. at 22.

The district court dismissed Tillman's complaint, concluding that it failed to state a proper claim for relief under § 1983. More specifically, the district court concluded that Tillman's "claims regarding the B[oard]'s execution of his sentence should . . . be brought in a § 2241 habeas-corpus petition," id. at 57-58, and "[we]re inherently irremediable as civil-rights claims brought under § 1983," id. at 58. Although Tillman moved to alter or amend the judgment of dismissal, the district court denied that motion.

Tillman filed a timely notice of appeal. He has since filed with this court an opening brief and a motion for leave to proceed in forma pauperis on appeal.

II

The district court in this case dismissed Tillman's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That statutory provision, applicable to cases filed in forma pauperis, provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo a district court's order of dismissal under § 1915(e)(2)(B)(ii). McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).

3

After examining the record on appeal, we conclude that the district court properly dismissed Tillman's complaint for failure to state a claim on which relief could be granted. Tillman's complaint focuses exclusively on the Board's decision ordering that he serve "Natural Life in Prison" (and effectively denying him parole). Further, Tillman's complaint seeks no damages. Instead, it seeks only an order declaring the Board's conduct illegal and directing the Board to conduct a new hearing at which the Board must specify a parole release date for Tillman. As the district court correctly noted, Tillman's claims essentially challenge the execution of his sentence and must be brought, if at all, in a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005).

In reaching this conclusion, it is important to note that Tillman's case is distinguishable from Wilkinson v. Dotson, 544 U.S. 74 (2005). In Wilkinson, two Ohio state prisoners brought actions under § 1983 claiming that Ohio's state parole procedures (i.e., the application of new, harsher parole guidelines to prisoners sentenced prior to the adoption of those guidelines) were unconstitutional. Both prisoners sought injunctive relief in the form of an order directing Ohio state parole officials to afford them new parole hearings under which the older, more lenient parole guidelines would be applied. The federal district court dismissed both actions, concluding that the prisoners had to seek relief through a habeas corpus action. The Sixth Circuit reversed. Ohio parole officials petitioned for certiorari, and the Supreme Court granted review.

The Supreme Court reviewed its past cases and concluded that, "taken together,

[they] indicate[d] that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. at 81-82 (emphasis in original). And, applying those principles to the cases before it, the Court concluded that the Ohio state prisoners' claims were "cognizable under § 1983" and "d[id] not fall within the implicit habeas exception." Id. at 82. In particular, the Court noted that both prisoners "s[ought] relief that w[ould] render invalid the state procedures used to deny [them] parole eligibility . . . and parole suitability . . . ." Id. In other words, the Court concluded, "a favorable judgment w[ould] not necessarily imply the invalidity of [their] conviction[s] or sentence[s]." Id. (internal quotation marks omitted).

Here, in contrast, success for Tillman would mean not only a new hearing before the Board, but also a Board decision that would effectively shorten his stay in prison. More specifically, the Board's decision directing Tillman to serve "Natural Life in Prison" would be reversed and, in its place, the Board would be directed to issue an order specifying a precise number of years, short of natural life, that Tillman would have to serve before being released on parole. Thus, as we have indicated, Tillman's claims are cognizable only in a § 2241 habeas action.

The judgment of the district court is AFFIRMED. Tillman's motion for leave to proceed in forma pauperis on appeal is DENIED. One "strike" shall be assessed against

5

Tillman for purposes of 28 U.S.C. § 1915(g).

Entered for the Court

Mary Beck Briscoe
Chief Judge