FILED
United States Court of Appeals
Tenth Circuit

November 30, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ELROY TILLMAN,

      Petitioner - Appellant,

v.

ALFRED BIGELOW,

      Respondent - Appellee.

No. 16-4139
(D.C. No. 2:13-CV-00201-DB)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Elroy Tillman, a state prisoner proceeding pro se, applied for relief

under 28 U.S.C. § 2254 more than one year after his state-court conviction and sentence

became final. The United States District Court for the District of Utah dismissed his

application as untimely. Defendant now requests a certificate of appealability (COA)

from this court to appeal the dismissal. *See* 28 U.S.C. § 2253(c)(1)(A). We deny a COA

and dismiss the appeal because no reasonable jurist could debate that the district court

erred in its denial of his claim.

## I.    BACKGROUND

In 1983 Defendant was convicted of first-degree murder and sentenced to death.

The Utah Supreme Court initially affirmed the conviction and death sentence. *See State*

*v. Tillman*, 750 P.2d 546, 577 (Utah 1987). Over the ensuing years, Defendant repeatedly sought postconviction relief from state and federal courts without success. But in 2001 a state district court granted a petition for postconviction relief, vacating Defendant's death sentence but not his conviction. The Utah Supreme Court affirmed. Defendant was resentenced to life imprisonment on December 23, 2005. *See Tillman v. Bigelow*, 484 F. App'x. 286, 287 (10th Cir. 2012). He did not appeal his resentencing.

In 2013 Defendant initiated his current § 2254 application. The district court found it to be a second-or-successive application and dismissed it for lack of authorization from this court. But when Defendant sought authorization from this court, we dismissed the request as unnecessary because of his 2005 resentencing. We explained that Supreme Court precedent treated "the existence of a new judgment [as] dispositive" in determining whether a § 2254 application is second or successive. Order, R. at 228 (quoting *Magwood v. Patterson*, 561 U.S. 320, 338 (2010)). The district court accordingly vacated its dismissal order and directed the state to file an answer to Defendant's application. In a March 2016 order the district court dismissed the application as untimely. Defendant now seeks a COA from us.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

2

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year time limit for filing a § 2254 application. The relevant language follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Defendant's § 2254 application was clearly untimely. Because he failed to appeal his resentencing, his judgment became final on January 23, 2005—30 days after his resentencing. *See* Utah R. App. P. 4(a) (notice of appeal shall be filed "within 30 days after the date of entry of the judgment or order appealed from"). Absent statutory or

3

equitable tolling, the last day to file his application for federal habeas relief was January 23, 2006, long before he filed his § 2254 application on March 29, 2013.

Defendant is not entitled to statutory tolling. Although the one-year limitation period may be tolled while a defendant seeks state postconviction relief, the first postconviction petition filed by Defendant after his resentencing was in December 2009, well after the limitation period had expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (denying statutory tolling for state postconviction petition filed after limitation period).

And we agree with the district court that Defendant is ineligible for equitable tolling. Actual innocence, which Defendant invokes here, can justify equitable tolling. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995) (claim of innocence may serve as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits" (internal quotation marks omitted)); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). But "[t]o make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. This new evidence must be sufficient to show that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence." *Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014) (citations omitted) (internal quotation marks omitted). Defendant has failed to provide any new evidence, before this court or below.

4

Defendant's final argument is that our order sending the case to the district court required that court to hear the merits of his claim. But the order did not address the merits of his petition or whether it was procedurally barred. It merely stated that Defendant did not need permission from our court to proceed.

Defendant fails to identify any other basis for equitable tolling. Hence, no reasonable jurist could debate whether Defendant's § 2254 motion ought to have been granted.

## III.   CONCLUSION

We **DENY** Defendant's request for a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

5