2013 UT App 182

# THE UTAH COURT OF APPEALS

EVERADO COLLINS,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Per Curiam Decision
No. 20110967-CA
Filed July 18, 2013

Fourth District, Nephi Department
The Honorable Lynn W. Davis
No. 110600048

Hakeem Ishola and Aaron Tarin, Attorneys for
Appellant
John E. Swallow and Erin Riley, Attorneys for
Appellee

Before JUDGES ORME, DAVIS, and MCHUGH.

PER CURIAM:

¶1     Everado Collins appeals the trial court's order dismissing his petition for postconviction relief as untimely. This is before the court on the State's motion for summary disposition based on the lack of a substantial question for review.

¶2     Collins pleaded guilty to drug charges and was sentenced in 1996. After serving his term, he was turned over to the Immigration and Naturalization Service and was deported. He filed the current petition for postconviction relief in 2011, asserting that he received ineffective assistance of counsel based on the United States Supreme Court's decision in *Padilla v. Kentucky*, 559

U.S. 356 (2010).[1] Although Collins filed his petition for relief roughly fifteen years after his conviction, he asserts that *Padilla* should apply retroactively to make relief available to him.

¶3    At the time that Collins filed his petition, the issue of whether *Padilla* would apply retroactively was an open question. However, the Supreme Court resolved that issue recently in *Chaidez v. United States*, 133 S.Ct. 1103 (2013). The Court in *Chaidez* held that *Padilla* does not apply retroactively because *Padilla* announced a new legal rule that brought what was predominantly considered to be a collateral consequence—deportation—within the scope of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The holding in *Chaidez* resolves the issue on appeal and conclusively establishes that Collins's petition for relief is untimely.

¶4    Collins argues that the standards for retroactive application of newly announced legal rules may be broader under the Utah Constitution than the federal decisions. This argument fails. First, the argument was not raised in the district court and is, therefore, not appropriately before this court on review. *See Winward v. State*, 2012 UT 85, ¶ 9, 293 P.3d 259. Second, the Post-Conviction Remedies Act specifically establishes when relief may be available after the announcement of a legal rule. Utah Code section 78B-9-104 lists possible grounds for postconviction relief, including when "petitioner can prove entitlement to relief under a rule announced by the United States Supreme Court . . . after conviction and sentence became final on direct appeal and that . . . the rule was dictated by precedent existing at the time the petitioner's conviction or sentence became final." Utah Code Ann. § 78B-9-104(1)(f)(i) (LexisNexis 2012). Based on the plain language of the statute, it was Collins's burden to show that the rule announced in

---

1. In *Padilla*, the Court held that the failure to inform a client of deportation consequences of a guilty plea constitutes ineffective assistance of counsel. *Padilla v. Kentucky*, 559 U.S. 356 (2010).

*Padilla* was dictated by precedent. However, the explicit holding in *Chaidez* forecloses Collins from meeting his burden.

¶5     Collins also seeks a remand pursuant to rule 23B of the Utah Rules of Appellate Procedure for a determination of whether postconviction counsel was ineffective. Under rule 23B, a party in a *criminal* case may seek a remand for the purpose of creating a record regarding an ineffective assistance claim in some circumstances. Utah R. App. P. 23B. The rule applies only to criminal cases. *See id.* Postconviction proceedings are civil in nature. Utah Code Ann. § 78B-9-102(1). There is no right to competent counsel in civil postconviction proceedings. *Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150. Accordingly, there is no remand available in this case.

¶6     Affirmed.

———————