2013 UT App 189

## THE UTAH COURT OF APPEALS

EVERADO COLLINS,
Plaintiff and Appellee,
*v.*
STATE OF UTAH,
Defendant and Appellant.

Per Curiam Decision
No. 20120664-CA
Filed July 26, 2013

Third District, Salt Lake Department
The Honorable Randall N. Skanchy
No. 100922789

Hakeem Ishola and Aaron Tarin, Attorneys for
Appellee
John E. Swallow and Erin Riley, Attorneys for
Appellant

Before JUDGES ORME, DAVIS, AND MCHUGH.

PER CURIAM:

¶1     The State of Utah appeals the denial of its motion to dismiss a petition for post-conviction relief as untimely and the subsequent grant of that petition, which vacated two 1996 convictions. This case is before the court on the State's motion to summarily reverse both the denial of its motion to dismiss the petition as untimely and the grant of post-conviction relief.

¶2     Everado Collins pleaded guilty to felony drug charges and was sentenced in 1996. After serving a jail term, he was deported. Collins filed the underlying petition for post-conviction relief in 2010, asserting that he received ineffective assistance from his trial counsel based upon *Padilla v. Kentucky*, 559 U.S. 356 (2010). In

*Padilla*, the United States Supreme Court held that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. The State moved to dismiss the petition, arguing both that the petition was untimely and that the rule announced in *Padilla* should not be retroactively applied to Collins's 1996 convictions. The post-conviction court concluded that the *Padilla* decision was dictated by precedent existing when the 1996 convictions became final and therefore the petition was timely filed under Utah's Post-Conviction Remedies Act (PCRA) within one year of the *Padilla* decision. *See* Utah Code Ann. § 78B-9-104(1)(f)(i) (LexisNexis 2012) (allowing post-conviction relief to vacate a conviction if the petitioner can prove entitlement to relief under a rule announced by the United States Supreme Court after a conviction and sentence became final on direct appeal and show that "the rule was dictated by precedent existing at the time the petitioner's conviction or sentence became final"); *see also id*. § 78B-9-107(2)(f) (requiring a petition to be filed within one year after "the date on which the new rule described in Subsection 78B-9-104(1)(f) is established"). After denying the motion to dismiss the petition as untimely and holding an evidentiary hearing, the post-conviction court granted relief under *Padilla* and vacated Collins's convictions. The State moves for reversal of both the denial of its motion to dismiss the post-conviction petition as untimely and the subsequent grant of post-conviction relief.

¶3    When Collins filed his post-conviction petition, it was an open question whether *Padilla* applied retroactively to persons whose convictions became final before *Padilla* was decided. *Chaidez v. United States*, 133 S. Ct. 1103 (2013), resolved that issue. The *Chaidez* decision states that "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." 133 S. Ct. at 1107. The United States Supreme Court determined in *Chaidez* that "*Padilla*'s holding that the failure to advise about a non-criminal consequence could violate the Sixth Amendment" announced a new rule that was not dictated by existing precedent. *See id*. at 1111. Therefore, Collins was not entitled to bring a post-conviction petition under the PCRA after *Padilla* because that decision was not based upon

precedent existing at the time his convictions became final. *See Collins v. State*, 2013 UT App 182, ¶ 3; *see also* Utah Code Ann. § 78B-9-104(1)(f)(i). Furthermore, Collins was not entitled to post-conviction relief under *Padilla* because *Chaidez* held that *Padilla* does not have retroactive application to convictions that became final before *Padilla* was decided. *See Chaidez*, 113 S.Ct. at 1113.

¶4 Collins argues that there is a basis in Utah law for retroactive application of the *Padilla* decision. This argument was not raised before the post-conviction court and is not appropriately before this court. *See id.*; *Winward v. State*, 2012 UT 85, ¶ 9, 293 P.3d 259.

¶5 Collins also seeks a remand pursuant to rule 23B of the Utah Rules of Appellate Procedure for a determination whether his post-conviction counsel was ineffective in failing to make an alternative argument that *Padilla* could be applied retroactively as a matter of Utah law. Under rule 23B, a party in a *criminal* case may seek a remand for the purpose of creating a record regarding an ineffective assistance of counsel claim under certain circumstances. Utah R. App. P. 23B. The rule applies only to criminal cases. *Id.* Post-conviction proceedings are civil matters. Utah Code Ann. § 78B-9-102(1) (2012). There is no right to counsel in civil post-conviction proceedings. *See Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150. Accordingly, there is no remand available in this case. *See Collins v. State*, 2013 UT App 182, ¶ 5.

¶6 We reverse both the denial of the State's motion to dismiss the petition for post-conviction relief as untimely and the subsequent grant of post-conviction relief vacating the 1996 convictions.

———————